**STATE of Tennessee, Appellee,**

v.

**Melissa BOWLIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 12, 1993.

Richard A. Fisher, Cleveland, TN, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, TN, Jerry N. Estes, Dist. Atty. Gen., Athens, Rebbie Johnson, Asst. Atty. Gen., Cleveland, TN, for appellee.

OPINION

WHITE, Judge.

Melissa Bowlin pleaded guilty to a one-count indictment charging her with manufacturing a schedule VI drug. In her brief, she states that her plea was "subject to her right to appeal two certified questions of law, each of which would be dispositive of the case." Because appellant has totally failed to comply with the mandate of *State v. Preston,* 759 S.W.2d 647 (Tenn.1988) and with the Tennessee Rules of Appellate Procedure, we must dismiss this appeal. Were we to reach the substantive issues, however, we could find no merit to appellant's contentions.

The appellant, Melissa Bowlin, is a thirty-one year old mother of one with no prior

police record who, along with her husband, operated a dairy farm. On November 9, 1989, the Bradley County Sheriff's Department Criminal Investigation Unit executed a search warrant for the appellant's residence on Strawhill Road in Bradley County. Upon searching the residence and a trailer on the property, six bags of marijuana and two marijuana plants were seized.

Bowlin acknowledged that the marijuana in the bags and the plants belonged to her. To avoid going to jail, she agreed to assist the Bradley County Sheriff's Department as an undercover drug informant and signed a "Cooperating Citizen Policy Form" on November 9, 1989, the day of the search of her property. For approximately sixteen months after the search, Bowling cooperated with law enforcement officers by making numerous drug buys and agreeing to testify in court. A detective for whom she worked, Ken Poteet of the Bradley County Sheriff's Department, told Bowlin that he would recommend that her case be disposed of in General Sessions Court as a misdemeanor. He advised her, however, that any agreement regarding the charges would have to be discussed with the district attorney and his superiors.

In March 1991, sixteen months after the search, an indictment was returned against Bowlin charging her with manufacturing marijuana. She filed a motion to dismiss alleging detrimental reliance on representations made by the police officers. The court denied the motion on July 10, 1991. Bowlin applied for pretrial diversion pursuant to Tennessee Code Annotated Section 40–15–105. The district attorney denied the application. Bowlin filed a writ of certiorari alleging that the denial was an abuse of prosecutorial discretion. The court denied the writ on December 18, 1991, and a subsequent application for a Rule 9 appeal on January 14, 1992. On February 25, 1992, appellant entered a plea of guilty.[1] A notice of appeal was filed on March 26, 1992. That notice, signed only by appellant's attorney, said:

Comes now the Defendant, Melissa Bowlin, and gives Notice of Appeal from:

The conviction imposed by the Judge in this case, the Defendant having entered into a plea agreement but explicitly reserving with the consent of the State and the trial court the right to appeal the certified questions of law either of which would be dispositive of the action, to-wit, the correction of the trial court in denying Defendant's Motion to Dismiss and the correctness of the trial court in its decision sustaining the denial of pre-trial diversion.

The Defendant appeals this case to the Tennessee Court of Criminal Appeals. Defendant certifies that she has served copies of this Notice to the District Attorney General of Bradley County, Tennessee, the Tennessee Attorney General at Nashville, and the Clerk of the Court of Criminal Appeals.

■ Although the state has not raised the issue which leads us to dismiss this appeal, we are compelled to raise it sua sponte since it relates to our jurisdiction.

■ Rule 37(b) of the Tennessee Rules of Criminal Procedure provides that appeals lie "from any order or judgment ... where the law provides for such appeal, and from any judgment of conviction ... [u]pon a plea of guilty ... if ...

[d]efendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or ...

[d]efendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case."

Tenn.R.Crim.P. 37(b)(2)(i) & (iv). After a series of cases dealing with the requirements to perfect a Rule 37(b)(2) appeal, our Supreme Court offered explicit guidelines on the procedure in 1988. In *State v. Preston*, 759 S.W.2d 647 (Tenn.1988), the Court held:

---

1. The plea form had penciled in at the end the words "subject to appeal of certified questions of law." Another form entitled "Waiver of Appeal" was renamed "Limited Waiver of Appeal" with the same addition. Neither the trial judge nor the district attorney signed either of these forms.

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn.R.Crim.P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.... Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.... Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*Id.* at 650 (emphasis added). In our post-*Preston* cases we have uniformly dismissed appeals in which no modicum of compliance is present. *See e.g., State v. Steve Allen Fritts,* No. 03C01–9203–CR–00112, 1993 WL 75372 (Tenn.Crim.App., Knoxville, March 18, 1993); *State v. Anthony Thomas Hudson,* No. 03C01–9203–CR–00098, 1992 WL 289657 (Tenn.Crim.App., Knoxville, Oct. 16, 1992); *State v. Jesus Alberto Garcia,* No. 02C01–9103–CR–00049, 1991 WL 248446 (Tenn. Crim.App., Jackson, Nov. 27, 1991); *State v. Terry Blair,* No. 124, 1991 WL 35743 (Tenn. Crim.App., Knoxville, March 19, 1991); *State v. Michael Fowler & Gerry V. Smith,* No. 6, 1990 WL 248 (Tenn.Crim.App., Jackson, Jan. 3, 1990), *perm. to appeal denied,* (Tenn.1990).

■ As in those cases, the appellant here has failed to comply with the letter and spirit of *Preston.* Here there is no final order or judgment. Appellant has treated the guilty plea date as the date from which her appeal rights commence and has attempted to use the notice of appeal as a final order. The notice of appeal, while containing language that issues are reserved for appeal, does not state that the judge and state "are of the opinion that the question is dispositive of the case." 759 S.W.2d at 650. Given this total noncompliance with *Preston* we are unable to reach the merits of appellant's claim.

■ We have considered other available appeal methods but find none applicable to this scenario. An appeal pursuant to Rule 3 must be either upon a not guilty plea, a *Preston* plea, or following a revocation of probation or a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Tenn.R.App.P. 3. The trial court denied a Rule 9 appeal and no Rule 10 appeal was requested or appropriate. *See* Tenn.R.App.P. 9 & 10.

The nature of the issues which appellant attempts to raise also restricts the method of review. As already discussed, appeals on certified legal issues must be raised in accordance with *Preston.* Appeals from denials of pretrial diversion, conversely, must be brought pursuant to Rule 9 or 10. *State v. Wilson,* 713 S.W.2d 85, 86 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1986); *State v. Montgomery,* 623 S.W.2d 116, 118 (Tenn. Crim.App.), *perm. to appeal denied,* (Tenn. 1981).

We are mindful that the state did not argue these procedural failures on appeal. Because they go to the very nature of our jurisdiction to hear the case, however, Tenn. Code Ann. § 16–5–108(a) (1992 Supp.), we raise and address the issues sua sponte in order to preserve the integrity and prevent prejudice to the judicial process. Tenn. R.App.P. 13(b); *see State v. Maynard,* 629 S.W.2d 911, 912 (Tenn.Crim.App.1981).

■ Even if we considered the merits of this appeal, we would find no grounds for disturbing the trial court's rulings. Although appellant presents a compelling case on her claim that she detrimentally relied on assertions regarding leniency and immunity, she failed in her efforts to prove that she had any enforceable promise of leniency or immunity.[2] Both Detective Poteet and Bowlin testified that no agreement had been formalized or finalized between the district attorney's office and appellant. Appellant and her attorney were informed that Detective Poteet had no authority to enter an agreement with appellant.

■ Likewise, we find no error in the trial court's refusal to grant appellant's writ of certiorari upon the denial of her application for pretrial diversion. Before a reviewing court is justified in finding an abuse of discretion by the district attorney general who denies pretrial diversion, the record must be devoid of any substantial evidence supporting his decision. *State v. Hammersley,* 650 S.W.2d 352, 356 (Tenn.1983). "The action of the prosecutor is presumptively correct and it should only be set aside on the basis of patent or gross abuse of prosecutorial discretion." *Pace v. State,* 566 S.W.2d 861, 870 (Tenn.1978) (Henry, J., concurring). Here the record supports the denial of diversion.

### CONCLUSION

For reasons stated, the appeal is dismissed.

SCOTT, P.J., and DWYER, J., concur.

---

2. *See generally* 22 C.J.S. Criminal Law § 85 (1955).