IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 22, 2000 Session

**STATE OF TENNESSEE v. DANNY HAROLD OGLE**

**Direct Appeal from the Criminal Court for Sevier County**
**No. 5624     Rex Henry Ogle and Richard R. Vance, Judges**

_____

**No. E2000-00421-CCA-R3-CD**
**January 17, 2001**
_____

Defendant entered a best interest plea of guilty to vehicular homicide by recklessness. The plea attempted to reserve a certified question of law relating to the destruction of evidence; namely, the victim's vehicle. Specifically, defendant contends the destruction of the vehicle while it was under state control deprived him of due process, and the trial court should have dismissed the indictment. Upon our review of the record, we conclude that we have no jurisdiction to address the certified question. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Steven E. Marshall, Sevierville, Tennessee, for the appellant, Danny Harold Ogle.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles E. Atchley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant entered a best interest plea of guilty to vehicular homicide by recklessness. The parties attempted to reserve a certified question of law relating to the destruction of the victim's vehicle. The defendant contends that because the vehicle was destroyed, a full reconstruction of the accident could not be conducted. Defendant further contends that a reconstruction of the accident would have led to exculpatory evidence. Thus, he argues he was denied a fair trial. Upon our review of the record, we must conclude that this court does not have jurisdiction to address the certified question since the certification did not meet the requirements of State v. Preston, 759 S.W.2d 647 (Tenn. 1988). The appeal is, therefore, dismissed.

## PROCEDURAL BACKGROUND

Defendant was indicted in June 1994 for the offenses of vehicular homicide by intoxication and vehicular homicide by recklessness as a result of the death of the victim in a head-on collision on February 23, 1994. After several continuances, the case was set for trial on November 24, 1997. A month prior to the trial date, defense counsel retained an accident reconstructionist. It was then discovered that the victim's vehicle had been released from a storage facility and, therefore, was not subject to examination by the accident reconstructionist. Defendant moved for dismissal of the indictment due to the destruction of the vehicle while it was under state control. The trial date was continued, and the trial court overruled the motion on July 24, 1998.

The case was reset for trial, and on January 11, 2000, after jury selection for the trial had begun, defendant entered a negotiated, best interest plea to vehicular homicide by reckless operation of a vehicle. The transcript of the guilty plea clearly reveals that all parties understood that the guilty plea was conditional upon the reservation of a certified question of law relating to the issue of the destruction of the victim's vehicle. *See* Tenn. R. Crim. P. 37(b)(2)(i). Further, the written plea agreement executed by the assistant district attorney general and the defendant on this date specifically refers to the certified question. However, the judgment of conviction entered by the trial court on January 14, 2000, contains the following language: "CERTIFIED QUESTION OF LAW RESERVED FOR APPEAL (SEE SUPPLEMENTAL ORDER)." The judgment of conviction contains no other information relating to the certified question, and no supplemental order was filed on that date. Notice of appeal was filed February 10, 2000. The supplemental "Order Certifying Question" was signed by the trial judge on February 17, 2000, and entered on the same date by the trial court clerk. That order certifies as dispositive the question of whether the defendant would be deprived of a fair trial by the loss of the victim's vehicle.

## JURISDICTIONAL ISSUE

The state has not raised the issue as to whether the certified question is properly before this court. However, Tenn. R. App. P. 13(b) provides that this court "shall" in all cases consider whether this court has jurisdiction.

We must, therefore, determine whether the question has been properly certified, and, if not, whether such a failure deprives us of jurisdiction. In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. These requirements are as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated

-2-

so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. . . . No issue beyond the scope of the certified question will be considered.

*Id.* at 650 (emphasis added); *see also* State v. Caldwell, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to Preston will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

The requirements of Preston were steadfastly reaffirmed in Pendergrass. *Id.* at 837-38. In Pendergrass, the judgments of conviction entered January 15, 1993, did not make reference to the certified question of law. Notice of appeal was filed February 12, 1993, and on February 19, 1993, the trial court entered an order certifying the question of law as dispositive of the case. *Id.* at 835-36. The court noted that the judgments of conviction made no reference to the certified question, did not contain an identification of the scope and limits of the legal issues reserved, and did not contain any statement that the certified question was dispositive, all of which are explicitly required by Preston. *Id.* at 837. The court further found the trial court lost jurisdiction on the date the notice of appeal was filed, and its attempt to properly certify the question several days later was a nullity. *Id.* at 838. Because the defendant had not complied with all of the requirements of Preston, the court dismissed the appeal. *Id.*

The attempt to certify the question of law in this case was not in compliance with Preston. Although the judgment of conviction made reference to a certified question of law pursuant to a supplemental order, the judgment does not identify the scope of the certified question of law and contains no statement that the question is dispositive. Furthermore, like the subsequent order entered in Pendergrass, the order entered by the trial court in this case was signed and entered more than thirty days after entry of the judgment and after filing of the notice of appeal; thus, it is a nullity.

We must now determine whether the failure to properly certify the question is jurisdictional, thereby requiring that the appeal be dismissed. The court in Pendergrass concluded that the order attempting to properly certify the question of law, which was entered after notice of appeal, "was an attempt to confer jurisdiction on the Court of Criminal Appeals to hear and determine a Preston appeal where no jurisdiction existed because of noncompliance with Rule 37." *Id.* at 837. This court

-3-

cannot assume jurisdiction of a matter upon the agreement of the parties. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, we are compelled to raise such an issue *sua sponte* as it relates to our jurisdiction. Tenn. R. App. P. 13(b); State v. Bowlin, 871 S.W.2d 170, 172 (Tenn. Crim. App. 1993). This court has consistently held that the Preston requirements are jurisdictional. *See* State v. Alaric Barrett Crouch, C.C.A. No. 01C01-9906-CC-00216, 2000 WL 31859, at *2 (Tenn. Crim. App. filed January 18, 2000, at Nashville), *perm. to app. denied*; State v. Stuart Allen Jenkins, C.C.A. No. 01C01-9712-CR-00590, 1998 WL 917806, at *2 (Tenn. Crim. App. filed December 21, 1998, at Nashville); State v. Charlotte Little, C.C.A. No. 03C01-9504-CR-00113, 1996 WL 33174, at *3 (Tenn. Crim. App. filed January 30, 1996, at Knoxville); State v. Charles R. Sanders, C.C.A. No. 01C01-9312-CC-00420, 1994 WL 398823, at *1 (Tenn. Crim. App. filed July 21, 1994, at Nashville), *perm. to app. denied* (Tenn. 1994). Finding the failure to properly certify the question of law a jurisdictional defect, we must dismiss the appeal.

## HISTORY OF PRESTON AND TENN. R. CRIM. P. 37

After much discussion, this panel makes the following comments concerning appeals from guilty pleas with certified questions of law pursuant to Tenn. R. Crim. P. 37(b)(2). The rule has a valuable purpose. It allows for the disposition of cases based upon guilty pleas where there is a dispositive pretrial issue in dispute, thereby avoiding the necessity of a trial. The rule itself does not set forth the detailed requirements enumerated by Preston. As the appellate courts have written time and again, the requirements of Preston are extremely clear. *See* Pendergrass, 937 S.W.2d at 837. In Preston, the supreme court noted that, "[m]ost of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed." Preston, 759 S.W.2d at 650. Preston was decided in 1988 and Pendergrass in 1996, and we regret to observe that, based upon the history of appellate cases, the problems do not appear to have substantially diminished.

In many of these cases the state, defendant and trial court have all agreed (as evidenced by the guilty plea transcript) that the question is properly certified, only to have the state correctly argue on appeal that the certification was not in compliance with Preston, requiring dismissal of the appeal. The dismissal of the appeal leads to an unwieldy result. Since the plea was entered conditionally upon the certified question, the defendant has the opportunity to seek post-conviction relief from the conviction and guilty plea. The defendant, state, crime victims, and the trial court are now back to "square one," in spite of everyone's original agreement as to the substance of the plea agreement. It is then months or years after the original guilty plea. The defendant may re-enter his plea and properly certify the question back to this court. However, the defendant is not required to do so. Thus, in spite of everyone's earlier agreement as evidenced by the transcript of the hearing, the parties are left in a quandary and, at the very least, face even more delay.

Based upon the documented appellate history of guilty pleas with certified questions of law, we observe that it has become more of a trap than serving its intended purpose. In spite of repeated appellate cautions, the dictates of Preston are simply not being met and, according to its history, will

not be met.  Along these lines we observe that guilty pleas are often unanticipated until shortly prior to their entry with judgments prepared by the state or trial court and entered without approval by defense counsel.  We further note that there is no requirement that either counsel approve the judgment. *See* Tenn. Sup. Ct. R. 17 (signatures of attorneys "optional").  Unfortunately, it appears there is undue prejudice to the state, crime victims, defendants and all involved in these cases because that which has clearly been agreed upon has not been written on the appropriate document at the appropriate time.

Accordingly, we hope that Preston and/or Tenn. R. Crim. P. 37 will be re-examined.  We intend absolutely no disrespect in this suggestion.  We would hope that if the judgment itself does not contain the essential requirements, the appellate courts may still entertain an appeal;  provided, it is apparent from other plea documents, the guilty plea transcript, orders entered while the trial court had jurisdiction, or any other proper record before the appellate court that, at the time of the guilty plea, the plea "explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case." *See* Tenn. R. Crim. P. 37(b)(2)(i) and (iv).  If the Preston requirements remain, we would hope that, at the very least, Tenn. R. Crim. P. 37 is amended to specifically incorporate these requirements.

## CONCLUSION

Our review of the record indicates that, under current law, we have no jurisdiction to entertain this appeal.  Accordingly, the appeal is dismissed.

_____
JOE G. RILEY, JUDGE