# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 17, 2016 Session

## STATE OF TENNESSEE v. TONYA LAVETTE CHRISTOHPER

**Appeal from the Criminal Court for Hamilton County**
**No. 294102     Don W. Poole, Judge**

———————

**No. E2015-02038-CCA-R3-CD – Filed October 6, 2016**

———————

JAMES CURWOOD WITT, JR., J., concurring.

I join in the majority's disposition of this case. I write separately only to highlight an apparent precedential conflict that came to light upon pondering footnote three in the majority opinion.

In the footnote, the majority notes that "the analysis of the [fourth amendment] issue would likely be impacted" by *State v. Kenneth McCormick*, ___ S.W.3d ___, No. M2013-02189-SC-R11-CD (Tenn. May 10, 2016). In *Kenneth McCormick*, our supreme court established "community caretaking" as an exception to the warrant requirement. *Id.*, ___ S.W.3d at ___, slip op. at 16. The court held that the "community caretaking exception" will justify a warrantless seizure when

> the State establishes that (1) the officer possessed specific and articulable facts which, viewed objectively and in the totality of the circumstances, reasonably warranted a conclusion that a community caretaking action was needed, such as the possibility of a person in need of assistance or the existence of a potential threat to public safety; and (2) the officer's behavior and the scope of the intrusion were reasonably restrained and tailored to the community caretaking need.

*Id.* The majority in the present case eschewed a substantive consideration of *Kenneth McCormick* because, in addition to otherwise affirming the denial of suppression, such consideration of *Kenneth McCormick* would take the court *sua sponte* beyond the precise, narrow issue preserved by the certified question, citing and quoting *State v. Day*, 263 S.W.3d

891, 900 (Tenn. 2008).

In *Day*, a certified question case in which a police officer's detaining Day was successfully challenged on Fourth Amendment grounds on appeal, the supreme court refused to consider the detention as a community caretaking function because such issue was beyond the scope of the certified question. The court stated, however, that "[r]egret[ably], . . . our consideration of the stop under the community caretaking exception might well yield a different outcome." *Day*, 263 S.W.3d at 900. Nevertheless, the court declined to consider this""exception" to the warrant requirement, noting the responsibility of *the appellee* as well as the appellant in insuring the crafting of an aptly dispositive certified question. *Id.* 263 S.W.3d at 900 n. 8 (emphasis added).

This ruling appears to be in conflict with Tennessee Rule of Criminal Procedure 37(b) and *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), the leading case on the issue of certified question appeals, as *Preston* has been interpreted and applied. Rule 37(b)(2)(A) requires the certified question to be dispositive of the case. In *Preston*, the court laid out the regimen to be followed in Rule 37 cases and noted that "[m]ost of the reported and unreported cases seeking the limited appellate review pursuant to Tenn[essee] R[ule of] Crim[inal] P[rocedure] 37 *have been dismissed because the certified question was not dispositive*." *Preston*, 759 S.W.2d at 650 (emphasis added). "A basic requirement for a certified question appeal is that the question actually be dispositive of the case." *State v. Ledford*, 438 S.W.3d 543, 550 (Tenn. Crim. App. 2014). "'Despite that [a] defendant complied with Rule 37(b)(2)(i) . . . and thereby effectively reserved an appellate issue that the court and the parties below deemed to be dispositive of the case, we must nevertheless determine that the issue is, indeed, dispositive.'" *Id.* 438 S.W.3d at 550 (quoting *State v. Gregory W. Gurley*, No. W2001-02253-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 6, 2002)). Because of the dispensatory nature of a certified question appeal following a guilty plea, the issue of the question's being dispositive is a matter of jurisdiction for the appellate court. *Id.* at 550. "Essentially, then, 'the reviewing court must make an independent determination that the certified question is dispositive.'" *Id.* at 551 (quoting *State v. Dailey*, 235 S.W.3d 131, 135 (Tenn. 2007)). "Appellate review of a properly certified question of law is permitted only when the certified question addresses a dispositive issue, [and a]n appellate court is not bound by the trial court's determination that an issue is dispositive." *State v. James O. Gambrell, Sr.*, No. 01C01-9603-CR-00123, slip op. at 4-5 (Tenn. Crim. App., Nashville, May 7, 1997).

In the present case, the facts of record bespeak a presentable question whether the officer's approach of the defendant in her vehicle was a proper community caretaking action pursuant to *Kenneth C. McCormick*. Even though the trial court, upon a fuller consideration, might have ultimately decided that the community caretaking exception to the warrant requirement is inapplicable in this case, that possible eventuality does not control our threshold jurisdictional question whether the issue certified to us is dispositive. "The

question is dispositive 'when the appellate court must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" Dailey, 235 S.W.3d at 134 (quoting State v. Walton, 41 S.W.3d 75, 96 (Tenn. 2001)).

Thus, the principle that we should independently determine whether the certified question is dispositive of the case runs head long into the statement in *Day* that we should not consider postulations of law that lie outside the frame of the certified question. I suspect that this latter principle, which emanates from *Preston*, was originally intended only to prevent the *appellant* from *expanding* his original legal premise. Indeed, when exemplifying the idea that the appellate court is "limited to the [issues] passed upon by the trial judge and stated in the certified question," the *Preston* court said, on a Fourth Amendment issue, "the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question." *Preston*, 759 S.W.2d 650. These "reasons" circumscribe the boundaries of the appellate court's jurisdiction of the appellant's claim. As such, this limitation does not exclude per se any legal issues implicated by the record that may be alternatives to the *appellee's* position as expressed by the appellant in the certified question. Of course, it would behoove the appellee to object to a deficiently framed certified question, *see Day*, 263 S.W.3d at 900 n.8, but can the appellee be allowed to confer jurisdiction upon the appellate court by allowing an under-stated certified question to pass? In *State v. Wilkes,* 684 S.W.2d 663 (Tenn. Crim. App. 1984), we said, "This court will not violate court rules to assume jurisdiction of a matter on agreement of litigants and the trial court. We will not assume jurisdiction of a question involving the admissibility of evidence when guilty pleas are entered unless the question makes final disposition of the case." *Wilkes*, 684 S.W.2d at 667; *see State v. Bowlin*, 871 S.W.2d 170, 173 (Tenn. Crim. App. 1993) (refusing to overlook the lapses of an appellant in presenting a certified question on appeal despite that "the state did not argue these procedural failures on appeal" and stating that because the lapses "go to the very nature of our jurisdiction to hear the case," the court would "raise and address the issues sua sponte in order to preserve the integrity and prevent prejudice to the judicial process").

Thus, in the present case, I am not convinced that we are barred from considering the community caretaking exception to the warrant requirement as an alternative theory supporting the denial of suppression, especially when, as noted by the majority, the suppression issue "would likely be impacted by our supreme court's recent decision in *McCormick*." That said, suppression was denied in this case, and we are affirming the denial based upon the legal premise presented. The result is that I may concur in this result without agreeing that *Day* would have precluded us from going beyond the narrowly – and incompletely – framed issue.

JAMES CURWOOD WITT, JR.