# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 24, 2004

## DAVID ALLEN LANE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**Nos. 00CR058, 01CR126     James E. Beckner, Judge**

---

### No. E2002-02530-CCA-R3-PC - Filed June 28, 2004

---

The petitioner, David Allen Lane, appeals both the post-conviction court's ruling regarding his post-conviction relief and the denial of his motion to withdraw his guilty plea.[1]  The judgment of the trial court denying the motion to withdraw the guilty plea is affirmed.  Because the petitioner was denied the effective assistance of counsel and because the post-conviction court failed to comply with the requirements of <u>State v. Boyd</u>, 51 S.W.3d 206 (Tenn. 2000), the judgment of the post-conviction court vacating and reinstating the judgment is reversed, the judgment is vacated and the cause is remanded for proceedings not inconsistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed in Part; Reversed in Part; Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, for the appellant, David Allen Lane.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was charged with aggravated burglary for entering the residence of the victim, seventy-one-year-old Ruby Davis, on February 24, 2000, with the intent to commit theft.  The investigation established that there was a forced entry through a glass door at the back of the residence.  While inside the residence, the petitioner stole two letters valued under $500, resulting in a charge of misdemeanor theft.  During the burglary, the victim was shot three times, twice in the head and once in the shoulder, and her residence was set afire.  She died as a result of the gunshot

---

[1]The appeals have been consolidated upon motion of the petitioner pursuant to Tennessee Rule of Appellate Procedure 16(b).

wounds and injuries received in the fire, resulting in charges of felony murder and aggravated arson. A search of the petitioner's automobile yielded two items of mail addressed to the victim and a Jennings .22 caliber semi-automatic pistol, which the TBI Crime Laboratory confirmed as the murder weapon.

The state filed a notice of intent to seek the death penalty, relying on four aggravating circumstances: 1) the defendant has been previously convicted of one or more felonies whose statutory elements involve the use of violence to the person; 2) the murder was especially heinous, atrocious, or cruel, in that it involved torture or physical abuse beyond that necessary to produce death; 3) the murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution of the defendant; and 4) the victim of the murder was seventy years of age or older. See Tenn. Code Ann. § 39-13-204(i)(2),(5), (14) (1997 & Supp. 1999). On January 5, 2001, the petitioner entered best interest guilty pleas to each of the charges. See North Carolina v. Alford, 400 U.S. 25, 30 (1970). The trial court imposed the following sentences to be served concurrently:

| | |
|---|---|
| Aggravated burglary | Six years |
| Misdemeanor theft | Eleven months, twenty-nine days |
| Aggravated arson | Twenty-five years |
| Felony Murder | Life without parole |

One week later, the trial court entered amended judgment forms reflecting that the petitioner had reserved the following certified question of law:

> Whether an automobile stop not predicated on probable cause for a traffic stop, a search warrant, or exigent circumstances, but solely on information provided by a previously unknown criminal informant, such automobile stop and subsequent search producing personal items of the victim in a homicide and the murder weapon, (the only physical evidence connecting the defendant to the murder) is constitutional under either the U.S. or Tennessee constitution and/or statutory law.

In an order dated October 19, 2001, this court dismissed the appeal because the judgment did not reflect that either the state or the trial court had consented to the Tennessee Rule of Criminal Procedure 37(b) certified question or that the prosecutor and the trial court had agreed that the question was dispositive of the charges. Additionally, this court observed that the judgment failed to articulate the scope of the legal issue reserved as required in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The procedural requirements of Rule 37, as interpreted in Preston, were deemed mandatory in State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Application for permission to appeal to our supreme court was denied on April 8, 2002.

Less than one month later, the petitioner filed a motion to withdraw his guilty plea to first degree murder, claiming that entry of the plea was conditioned upon his being allowed to appeal a certified question of law. On July 9, 2002, the trial court denied relief, holding that the certified

question of law did not have merit and would not have been sustained even if the question had been properly certified for appeal.

Two days later, the petitioner filed a pro se petition for post-conviction relief, alleging that his convictions were based on the use of evidence gained through an unconstitutional search and seizure and that he was denied the effective assistance of counsel. Counsel was appointed and the petition was amended. On September 13, 2002, the post-conviction court dismissed the petition, "except for the certificate question," concluding that counsel had been ineffective by failing to properly reserve the certified question of law. The post-conviction court set aside the prior judgment for felony murder "only for the purpose of reinstating it as of . . . the date of the post-conviction hearing, so that the petitioner can appeal the issue that he was unable to have heard by the appellate courts." Later, the petitioner filed a motion to vacate the judgment pursuant to this court's ruling in State v. Boyd, 51 S.W.3d 206 (Tenn. Crim. App. 2000). The post-conviction court denied the motion, choosing instead to set aside the judgment for the sole purpose of allowing the petitioner the opportunity to re-appeal the certified question of law in proper form.

At the evidentiary hearing on the post-conviction petition, Attorney Greg Eichelman, one of the attorneys who represented the petitioner at trial, testified that the suppression of the evidence seized from the initial stop, which included the murder weapon and two letters addressed to the victim, would have been "very helpful" to the defense. It was his opinion, however, that the denial of the motion for suppression would have likely been upheld on appeal. According to Attorney Eichelman, he had expressed doubt to the petitioner as to whether the suppression issue was dispositive to the charges. He did confirm, however, that the petitioner asked for assurance during the plea submission that the certified question of law had been properly preserved for appeal. Attorney Eichelman testified that the petitioner entered the plea agreement believing that the defense would attempt to get the issue certified on appeal but that otherwise, there was no assurance.

Attorney Michael Walcher, who was also appointed to represent the petitioner, testified that he explained to the petitioner that a certified question had to be dispositive of the case and that the question to be reserved was a "long shot" but nevertheless "a good issue." He acknowledged having failed to acquire the signature of a representative of the state on the judgment form, citing his misunderstanding of the holding in State v. Preston, 759 S.W.2d 647 (Tenn. 1988). Although he had practiced law for 15 years, this was his first attempt at reserving a certified question for appeal. It was his opinion that the issue was not dispositive because there was other evidence implicating the petitioner in the crimes. He noted, however, that the state, the defense, and the trial court had agreed on the date that the petitioner entered his plea that the issue was, in fact, dispositive.

The petitioner testified that because he was not afraid of the death penalty, he intended to exercise his right to a trial. He stated that Attorney Walcher suggested the reservation of a certified question of law which, if successfully appealed, would be favorable to the defense. It was the petitioner's understanding that if he was successful in getting the evidence suppressed, the state would no longer have "enough to convict on a capital murder case." Although the petitioner expressed a preference for a trial, he acknowledged that he would be satisfied with a re-certification

of the original question which was intended to be presented for appellate review. The petitioner stated that he agreed to forego his right to trial only because he "had that certified question of law that I thought would guarantee my coming back."

At the conclusion of the evidentiary hearing, the post-conviction court observed that while defense counsel did not advise the petitioner that the reserved issue was dispositive, it was apparent that everyone agreed "to make it a condition to the plea," and that the issue "was dispositive and was to be certified." The post-conviction court ruled, however, that the plea was not based upon a reservation of the certified question of law and was otherwise voluntarily and knowingly made, "primarily because the evidence against him was so great and this would avoid the death penalty." While observing that the certified question was probably not dispositive and that the defense would not likely have been successful on appeal, the post-conviction court determined that "the issue was ineffectively presented to the Court of Criminal Appeals," thereby warranting "a delayed appeal of that issue. The post-conviction court reentered the judgment for the purpose of allowing the petitioner to properly perfect the appeal of the certified question. The post-conviction court specifically distinguished this case, however, from Boyd and determined that other relief, including permission to withdraw the guilty plea, was not warranted under the circumstances.

In this appeal, the petitioner argues that the trial court erred in finding that the guilty plea was voluntary. He also argues that the post-conviction court failed to comply with the ruling in Boyd by refusing to vacate the judgment and by refusing to permit him to withdraw his guilty plea.

# I

Initially, while the petitioner filed a notice of appeal from the trial court's denial of the motion to withdraw his guilty plea, he did not raise the issue in his appellate brief. Further, he did not make any argument with regard to the denial of the motion, failed to cite any authority on the issue, and failed to make citations to the transcript. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b); see also Tenn. R. App. P. 27(a)(7); State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987). In addition, the notice of appeal in that case was not timely filed and the defendant has not asked this court to waive timely filing. See Tenn. R. App. P. 4(a). In consequence, he has waived our consideration of this issue.

More importantly, the defendant is not entitled to relief on the merits of the issue. Rule 32(f) of the Rules of Criminal Procedure provides as follows:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

-4-

Tenn. R. Crim. P. 32(f) (emphasis added). In this case, the petitioner filed the motion to withdraw his guilty plea in April of 2002, long after the judgment had become final. Moreover, the petitioner had sought direct appeal of his certified question, thus divesting the trial court of jurisdiction. See State v. Peale, 58 S.W.3d 701, 706 (Tenn. 2001). Because the trial court was without jurisdiction to entertain the motion, it did not err by denying relief.

**II**

The petitioner contends that the trial court violated the requirements established in State v. Boyd, 51 S.W.3d 206 (Tenn. Crim. App. 2000), by refusing to vacate the judgment after it ruled that his trial counsel had been deficient by failing to properly preserve the certified question on appeal. In Boyd, this court ruled that granting a delayed appeal is not the appropriate avenue of relief when trial counsel has been ineffective by failing to properly reserve a certified question of law. Id. at 210-11. The court determined that "[i]f a trial court finds that a defendant's trial counsel's performance was deficient for failing to properly reserve certified questions of law and that but for counsel's assurance that he or she would be able to appeal certain dispositive questions of law, the defendant would not have pleaded guilty, the trial court may vacate the judgment of conviction and allow the defendant to withdraw the guilty plea." Id. at 212 (citing Tenn. Code Ann. § 40-30-211(a); Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Observing that such a remedy places the parties "back in the position they occupied prior to the guilty plea," the court concluded that "[s]hould the defendant and the state again agree to a guilty plea in which the defendant reserves dispositive certified questions of law, they could re-enter into such a plea agreement and the trial court could conduct another plea hearing and enter a new judgment of conviction, explicitly reserving the certified question of law." Id.

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).[1] Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range

---

[1] In 2003, the Post-Conviction Procedure Act was renumbered within the code. It now appears at sections 40-30-101 through 40-30-122.

of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the guilty pleas and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59.

It is not enough to establish that trial counsel performed deficiently. The burden of proof is on the petitioner to clearly and convincingly establish that but for the deficiency, he would not have entered the plea. In this case, the petitioner insisted that he would have chosen a trial had a reservation of the certified question of law not been made available. The record establishes that no plea agreement had been reached until the petitioner, upon the advice of his trial counsel, was assured that there would be appellate review of the denial of the motion to suppress. In our view, the record clearly and convincingly established that the plea was conditioned upon the reservation of the right to appeal. While, as observed by the post-conviction court, it may have been wise for the petitioner, who faced the death penalty, to unconditionally plead guilty, the record is clear that the guilty plea was secured upon the promise to allow the appeal of the certified question. The transcript of the submission hearing supports the claim of the petitioner. Furthermore, by holding that trial counsel was ineffective for having failed to reserve the certified question on appeal, the post-conviction court implicitly concluded that the Hill v. Lockhart standard had been met. The state concedes in its brief that there is a conflict between the factual findings of the trial court and the relief granted.

In our view, the ruling in Boyd controls. Because, as determined by the post-conviction court, the petitioner's trial counsel were deficient by failing to properly reserve the certified question of law and because the record establishes that the petitioner would not have pled guilty absent the reservation of the question, the petitioner and the state must be returned to the position they occupied prior to the guilty plea. If the petitioner insists on a trial, the state is entitled to seek the death penalty. Should the petitioner and the state agree to a guilty plea wherein the petitioner is permitted to reserve a dispositive certified question of law, so be it.

Accordingly, the judgment of the trial court denying the petitioner's motion to withdraw his guilty plea is affirmed. With regard to the post-conviction claim, pursuant to the ruling in Boyd, the judgment is vacated and the cause is remanded for proceedings not inconsistent with this opinion.

_____
GARY R. WADE, PRESIDING JUDGE