# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. THERON L. BOYD

**Appeal from the Criminal Court for Davidson County**
**No. 97-D-2309     Seth Norman, Judge**

---

**No. M1999-01125-CCA-R3-CD Filed August 31, 2000**

---

The Defendant, Theron L. Boyd, appeals as of right from an "Agreed Final Judgment Granting Delayed Appeal" entered by the trial court upon the trial court's finding that the Defendant was entitled to post-conviction relief.  The "Agreed Final Judgment Granting Delayed Appeal" purports to modify the original judgment of conviction by explicitly reserving certified questions of law which would be dispositive of the case and then to grant a delayed appeal of those issues.  The Defendant argues that his convictions pursuant to his guilty pleas should be reversed because the trial court erred in denying his motion to suppress evidence found as a result of illegal searches by police.  The State, however, argues that we lack jurisdiction to address the merits of the Defendant's contentions because the trial court did not have jurisdiction to amend the final judgment which did not reflect the reservation of certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b).  We conclude that this appeal is not properly before us.  Accordingly, we must dismiss this appeal and remand to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J. and JOHN EVERETT WILLIAMS, J., joined.

Mark C. Scruggs, Nashville, Tennessee, for the appellant, Theron L. Boyd.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Victor S. Johnson, District Attorney General; Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Theron L. Boyd, pleaded guilty on April 30, 1998 to possession with intent to sell or deliver over .5 grams of cocaine and to the unlawful possession of a handgun.  The judgment of conviction was entered that same day.  The Defendant attempted to appeal, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), certified questions of law challenging warrantless

searches conducted by the police. We dismissed his appeal, however, based on our determination that he did not properly preserve post-guilty plea appellate review of his certified questions because those questions were not made part of the final judgment of conviction. See State v. Theron L. Boyd, No. 01C019805-CR-00218, 1999 WL 354258, at \*1 (Tenn. Crim. App., Nashville, June 3, 1999).

Subsequently, on August 3, 1999, the Defendant filed a petition for post-conviction relief, in which he alleged that his trial counsel was ineffective for failing to properly preserve the certified questions of law and that he would not have pleaded guilty had he known that he could not appeal the questions relating to the searches by police. He requested that the trial court either set aside his guilty plea or grant him a delayed appeal pursuant to Tennessee Code Annotated § 40-30-213.

Apparently, the trial court and the prosecutor agreed with the Defendant that his counsel was ineffective and that the Defendant was entitled to post-conviction relief. However, instead of setting aside the Defendant's guilty plea and vacating the judgment as authorized by Tennessee Code Annotated § 40-30-211(a), the parties agreed that the Defendant should be granted a delayed appeal pursuant to Tennessee Code Annotated § 40-30-213. The trial court entered a document entitled "Agreed Final Judgment Granting Delayed Appeal," which was signed by the trial court, the prosecutor, and the defense attorney, and which provided as follows:

> By agreement of the parties, as evidenced by the signatures of their respective counsel below, it is hereby ORDERED that the judgment previously entered in this matter on or about April 30, 1998, is set aside to the extent that a Delayed Appeal is granted pursuant to T.C.A. Section 40-30-213 in as much as the Petitioner was denied his right to an appeal from the original conviction in violation of the Constitution of the United States and the Constitution of Tennessee since Petitioner was denied effective assistance of counsel in prosecuting his appeal. All aspects of the guilty plea entered by the Defendant in this matter on April 30, 1998, shall remain the same with the exception of the following additions to the guilty plea . . . .

The document then sets forth the certified questions which the Defendant wished to appeal. The Defendant now asks us to address those certified questions.

Notwithstanding the fact that the prosecutor agreed to the procedure utilized by the trial court in granting the Defendant a delayed appeal, the State, acting through the office of the Attorney General, argues now that the case is again not properly before us. The State asserts that because the trial court did not have jurisdiction to amend the final judgment, the case is in the same posture before us now as it was when the Defendant originally appealed, thus arguing that we do not have jurisdiction to address the Defendant's issues because they were not properly reserved. Based on our review of the record and the applicable law, we must agree with the State that we do not have jurisdiction to address the Defendant's issues on the merits. While we are sympathetic to the Defendant in his attempts to have the search issues reviewed on appeal, we "will not violate court rules to assume jurisdiction of a matter on agreement of litigants and the trial court." State v.

Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984); see also State v. Larry David Tharpe, No. 02C01-9302-CC-00018, 1994 WL 51423, at *3 (Tenn. Crim. App., Jackson, Feb. 23, 1994).

Tennessee Rule of Criminal Procedure 37(b) provides that an appeal lies from any judgment of conviction

(2) upon a plea of guilty or nolo contendere if:

(i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or

. . .

(iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court set forth the following prerequisites for appellate review of certified questions pursuant to this Rule of Criminal Procedure:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the questions certified. No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added); see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996); State v. Irwin, 962 S.W.2d 477, 478-79 (Tenn. 1998). Because the final judgment in this case, entered April 30, 1998, did not contain a statement of the dispositive certified question of law reserved by the Defendant nor any reference to a dispositive certified question of law, we determined on direct appeal that we did not have jurisdiction to address the Defendant's certified questions, and we dismissed his case. See Theron L. Boyd, 1999 WL 354258, at *4.

Now, the case is before us again in the posture of a delayed appeal granted pursuant to the Post-Conviction Procedure Act. All parties below agreed that the Defendant was denied the effective assistance of counsel by counsel's failure to ensure that the prerequisites for appealing

certified questions of law were met and that the Defendant was entitled to post-conviction relief. Regarding post-conviction relief, Tennessee Code Annotated § 40-30-211(a) provides as follows:

> If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as hereinafter provided . . . .

With respect to a delayed appeal, the Code provides:

> (a) When the trial judge conducting a hearing pursuant to this part finds that the Petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can:
> (1) If a transcript was filed, grant a delayed appeal;
> . . .

Tenn. Code Ann. § 40-30-213(a)(1).

The obstacle facing the Defendant in this case is that granting him a delayed appeal from the original judgment does not allow him to present his certified questions to this Court. A delayed appeal grants a defendant who was denied the right to a direct appeal from his original conviction the right to appeal from that original conviction. See id. The Defendant has already appealed from his original conviction, and his appeal was dismissed because the judgment of conviction did not reflect that the Defendant had reserved any certified questions. What the Defendant, the trial court, and the prosecutor have attempted to do by agreeing to this delayed appeal is to amend the original judgment by adding statements to the original judgment indicating that the Defendant is explicitly reserving, with the consent of the trial court and the State, certified questions of law which are dispositive of the case. The trial court, however, did not have the jurisdiction to amend the judgment when it granted the delayed appeal.

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. See Pendergrass, 937 S.W.2d at 837; Tenn. R. App. P. 4(a), (c). Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter. Pendergrass, 937 S.W.2d at 837. After a trial court loses jurisdiction, it generally has no power to amend its judgment. Id.; State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). It is well-settled that a judgment beyond the jurisdiction of a court is void. Pendergrass, 937 S.W.2d at 837. "Likewise, jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties." Moore, 814 S.W.2d at 383; see also State v. Hamblin, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983).

Here, the trial court lost the jurisdiction to amend its judgment when the Defendant originally filed his notice of appeal. See Pendergrass, 937 S.W.2d at 837-38. Thus, any attempt by the trial court to amend the judgment, even with the agreement of the Defendant and the State, is void. See id.; Moore, 814 S.W.2d at 383. By granting the Defendant a delayed appeal from his original conviction, the trial court essentially placed the Defendant in the same posture he was in when he originally brought his case before this Court: The Defendant is attempting to appeal from a judgment of conviction which does not reflect the reservation of certified questions of law. Because the judgment does not reflect that reservation, we do not have jurisdiction to address the Defendant's issues. See Theron L. Boyd, 1999 WL 354258, at *4; Pendergrass, 937 S.W.2d at 836-37; Preston, 759 S.W.2d at 650. We view the agreed order as "an attempt to confer jurisdiction on the Court of Criminal Appeals to hear and determine a Preston appeal where no jurisdiction existed because of noncompliance with Rule 37." Pendergrass 937 S.W.2d at 837.

We recognize that the procedure followed in this case was essentially allowed in the unreported case of Carlos L. Acevedo v. State, No. 01C01-9711-CR-00541, 1999 WL 219588 (Tenn. Crim. App., Nashville, Apr. 16, 1999), a case which was relied upon by the Defendant. Like the parties in this case, the defendant, the prosecutor, and the trial court all agreed in Acevedo that the defendant was prejudiced by his counsel's error in failing to preserve his right to appeal certified questions of law and that the defendant should be granted a delayed appeal for the appellate court to address the certified questions of law on the merits. Id. at *1. When the State argued before this Court that a delayed appeal cannot resurrect an issue not properly reserved, we simply stated, "The State's arguments must fail because by agreed order, the State stipulated 'that Petitioner's petition for post-conviction relief, which requests a delayed appeal on a reserved issue of appellate review, should be granted.'" Id. Our resolution of that case was obviously predicated upon a notion of estoppel, although we did not refer to it as such. We agree that it may appear unfair to a defendant for the State to take one position at the trial court level, and after a defendant has relied on that position, take a different position on appeal. In most cases we could refuse to accept the State's position on appeal on the ground that we will not address issues not raised at the trial court level. See State v. Cameron, 909 S.W.2d 836, 839 (Tenn. Crim. App. 1995); Tenn. R. App. P. 36(a). However, as stated previously, neither we nor the trial court can ignore court rules in order to assume jurisdiction where there is none. See Wilkes, 684 S.W.2d at 667; Hamblin, 655 S.W.2d at 202. In the past, we have addressed procedural failures which went to the very nature of our jurisdiction sua sponte in order to preserve the integrity of and prevent prejudice to the judicial process. See State v. Bowlin, 871 S.W.2d 170, 173 (Tenn. Crim. App. 1993). We believe that the procedure utilized in Acevedo to obtain appellate review of the defendant's certified questions of law was erroneous in that the trial court cannot "amend" the final judgment of conviction in order to allow a defendant a delayed appeal of certified questions. We have decided not to allow the procedure approved in Acevedo.

Defendants who find themselves in this unfortunate position due to trial counsel's errors are not, however, left without a remedy. While a delayed appeal is not the correct procedure, relief is available in the post-conviction process. If a trial court finds that a defendant's trial counsel's performance was deficient for failing to properly reserve certified questions of law and that but for

-5-

counsel's assurance that he or she would be able to appeal certain dispositive questions of law, the defendant would not have pleaded guilty, the trial court may vacate the judgment of conviction and allow the defendant to withdraw the guilty plea. <u>See</u> Tenn. Code Ann. § 40-30-211(a); <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). The parties are then placed back in the position they occupied prior to the guilty plea. Should the defendant and the State again agree to a guilty plea in which the defendant reserves dispositive certified questions of law, they could re-enter into such a plea agreement, and the trial court could conduct another plea hearing and enter a new judgment of conviction, explicitly reserving the certified questions of law. The defendant could then appeal, as of right, those certified questions to this Court. Tenn. R. App. P. 3(b).

In summary, the judgment of conviction from which the Defendant seeks relief became final long ago. It did not reserve certified questions, and it may not be amended. That judgment reflects no appealable issues. A "delayed appeal" is therefore of no benefit.

Based on the foregoing, the Defendant's appeal is dismissed. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE