IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2005

## ANDRE LAMONT MAYFIELD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 93-B-687      Seth Norman, Judge**

—————————

**No. M2004-01408-CCA-R3-HC - Filed July 18, 2005**

—————————

The petitioner appeals the denial of his habeas corpus petition, contending that:  (1) the trial court did not have jurisdiction to allow him to withdraw his guilty pleas; and (2) the judgments and sentences violated his right to due process.  Upon review, we conclude that the petitioner's classification as a multiple rapist is an operation of law and does not require any notice to the petitioner or any further proceedings post-trial.  As such, the convictions and sentences are not void, and we affirm the denial of habeas relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Andre Mayfield, Mountain City, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

        On May 11, 1993, the Davidson County Grand Jury returned an eight-count indictment charging the petitioner, Andre Lamont Mayfield, with three counts of aggravated rape (a Class A felony), three counts of aggravated kidnapping (a Class B felony), and two counts of aggravated robbery (a Class B felony).  On July 15, 1993, the petitioner pled guilty to three counts of aggravated rape and one count of aggravated robbery.  He was sentenced as a Range I, standard offender to twenty years for each count of aggravated rape and ten years for aggravated robbery, all concurrent.  In January 1999, the trial court was informed that the petitioner's sentence was illegal, as he was required to serve one hundred percent of his imposed sentence as a multiple rapist, pursuant to

Tennessee Code Annotated section 39-13-523, rather than the imposed release eligibility of thirty percent.

The petitioner was appointed counsel, and a "Motion to Withdraw Plea" was filed, which was granted by the trial court. Thereafter, the trial court granted a motion to sever one count each of aggravated rape, aggravated kidnapping, and aggravated robbery.[1] On July 1, 1999, the petitioner was tried on the five remaining counts and was convicted of two counts of aggravated kidnapping, aggravated robbery, aggravated rape, and rape. Following his jury trial, the petitioner was sentenced to a total effective sentence of fifty years. The judgments of the trial court were affirmed by this court upon the modification that the petitioner be sentenced as a Range II, multiple rapist on the charge of rape. See State v. Andre L. Mayfield, No. M1999-02415-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 429 (Tenn. Crim. App., at Nashville, June 11, 2001).

On January 16, 2004, the petitioner filed a petition for writ of habeas corpus, in which he contended that:
<br>
(1)    The judgments entered in July 1999 were void because the trial court lacked both subject matter and personal jurisdiction;
<br>
(2)    The judgments were obtained in violation of the petitioner's rights under the Double Jeopardy Clause;
<br>
(3)    The convictions and sentences were void as violative of due process;
<br>
(4)    The petitioner was denied the right to testify; and
<br>
(5)    The petitioner was denied effective assistance of counsel.

In denying the petition, the habeas court found that the first claim was without merit and that the remaining contentions were constitutional in nature and would be more appropriately addressed in a claim for post-conviction relief. The petitioner now appeals to this court, limiting his claims to the following:
<br>
(1)  that the trial court lacked subject matter jurisdiction because it did not have lawful authority to grant the motion to withdraw the previously entered guilty pleas; and
<br>
(2)  that the judgments and sentences were imposed in violation of his right to due process because: (a) he was not given notice of the enhancement in the indictments; and (b) he was not given a bifurcated trial in which the jury could determine beyond a reasonable doubt that he had the requisite previous conviction(s).

Upon thorough review, we conclude that the petitioner's claims are without merit. Therefore, we affirm the habeas court's denial of relief.

---

[1] The trial court severed counts 1, 7, and 8, which involved two victims other than those charged in the remaining counts. The record reflects that the petitioner ultimately pled guilty to two of the severed counts and that the third was dismissed pursuant to the plea agreement.

<u>Analysis</u>

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments that are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993).

The petitioner first contends that the trial court was without jurisdiction to grant the motion to withdraw the prior guilty pleas because the previous judgments had become final, as thirty days had passed since their entry. <u>See</u> <u>Boyd v. State</u>, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000). However, it is well-settled that "a trial judge may correct an illegal, as opposed to an erroneous sentence at any time, even if it has become final." <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). In the present case, the trial court properly recognized that the plea agreement between the petitioner and the State was in direct contravention of a statute, thereby rendering it illegal and void. <u>See</u> <u>Mark L. Grimes v. Fred Rainey</u>, No. W2002-01583-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 688 (Tenn. Crim. App., at Jackson, Aug. 5, 2003).

Additionally, the petitioner argues that the multiple rapist statute, codified at Tennessee Code Annotated 39-13-523, did not apply "because the State never sought, nor did the grand jury return, an indictment granting jurisdiction to the trial court to use the enhancement statute as required by T.C.A. 40-35-203(e)." However, the petitioner's reliance on section 40-35-203(e) is misplaced. That section states, in pertinent part:

> (e) If the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense, the indictment in a separate count shall specify and charge such fact. If the defendant is convicted of the offense, then the jury must find that beyond a reasonable doubt the defendant has been previously convicted the requisite number of times for the same offense. *Upon such finding, the defendant shall be subject to the authorized terms of imprisonment for the felonies and misdemeanors as set forth in § 40-35-111.*

Tenn. Code Ann. § 40-35-203(e) (emphasis added). As noted, this section references section 40-35-111, which pertains to the terms of imprisonment and fines for each particular class of felony and misdemeanor. By contrast, section 39-13-523 provides that a sentence imposed upon one who is classified as a multiple rapist is to be served at one hundred percent, "undiminished by any sentence reduction credits such person may be eligible for or earn." Tenn. Code Ann. § 39-13-523 (2004). Therefore, the two statutes deal with two different types of enhancements.

In the present case, the petitioner's convictions rendered him "'a multiple rapist' as a matter of law," and neither the prosecutor nor the judge could deviate from the release eligibility requirement. <u>Mark A. Percy v. Tenn. Dep't of Corr.</u>, No. M2001-01629-COA-R3-CV, 2003 Tenn.

App. LEXIS 154, at \*3 (Tenn. Ct. App., at Nashville, Feb. 26, 2003). Therefore, the State was not required to give notice of the potential applicability of the statute in the indictment in order for it to apply. By its plain terms, the release eligibility requirement is mandatory and automatically applicable to persons who come within its purview. As such, the trial court had the authority and, in fact, was mandated to accept the petitioner's motion to withdraw his illegal pleas and proceed to trial.

Second and finally, the petitioner contends that the judgments and sentences imposed post-trial violated his rights to due process because: (1) he was not given notice of the multiple rapist statute in the indictments; and (2) he was not granted a bifurcated trial in which the jury could have determined beyond a reasonable doubt whether or not he had the requisite number of prior convictions to be classified as a multiple rapist. See Tenn. Code Ann. 40-35-203(e) (2004).

We likewise conclude that this claim must fail for the same reason as the first. The petitioner became subject to the statute by virtue of his multiple convictions. Moreover, because his initial sentences did not comply with a statutory requirement, they were illegal and the trial court properly allowed the petitioner to withdraw his pleas and proceed to trial. Once the petitioner was tried and convicted, he was not entitled to any further proceeding regarding his release eligibility. We reiterate that the petitioner was a multiple rapist "as a matter of law," and no deviation is allowed from the statutory provision governing his sentence. Percy, 2003 Tenn. App. LEXIS 154, at \*3. Therefore, this argument is likewise without merit.

## Conclusion

We affirm the habeas court's denial of relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-