IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. CARL T. JONES

**Direct Appeal from the Criminal Court of Davidson County**
**No. 2005-A-450     Steve Dozier, Judge**

_____

**No. M2011-00878-CCA-R3-CD - Filed November 15, 2011**

_____

The Petitioner, Carl T. Jones, pled guilty to robbery and agreed to a sentence of six (6) years. He subsequently filed a petition for writ of habeas corpus in the Davidson County Criminal Court. The habeas corpus court dismissed the petition. The Petitioner now appeals that dismissal. After a careful review of the record, we conclude that the Petitioner's notice of appeal is untimely. Moreover, the Petitioner offers no reasons why the interests of justice would support a waiver of the filing deadline. Accordingly, we dismiss the Petitioner's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JEFFREY S. BIVINS, delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Carl T. Jones, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson III, District Attorney General; Pamela Anderson, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

### I.  Background Facts and Procedure

The Petitioner, Carl T. Jones ("Petitioner"), initially was charged in a two count indictment with aggravated robbery and attempted robbery. He subsequently entered a guilty plea on September 23, 2005, to the lesser charge of robbery. He agreed to a six year sentence

for this offense.[1]  The Petitioner now has filed a petition for habeas corpus relief seeking to have his plea set aside.  In his petition, the Petitioner appears to rehash the issues he raised in an earlier petition.  This earlier petition was dismissed by the habeas corpus court in February of 2009.  The Petitioner makes allegations that certain cell phone records would exonerate him of the offense at issue in this case.  The habeas corpus court dismissed this later petition in an order entered on February 3, 2011.  The Petitioner did not file his notice of appeal until April 12, 2011.

## II.  Analysis

Ordinarily, a habeas corpus court's judgment becomes final thirty days after the entry of the judgment unless a notice of appeal is filed.  Tenn. R. App. P. 4(a); see also State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003); State v. Boyd, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000).  An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment.  Tenn. R. App. P. 3(e) and 4(a).  The Petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal.  Tenn. R. App. P. 4(a).

Clearly, the Petitioner's notice of appeal was untimely filed in this action.  The notice of appeal was not filed until over two months after the February 3, 2011 order of the habeas corpus court dismissing the petition.  Therefore, we must look to see if the interests of justice demonstrate a reason for us to waive the untimely filing.  A review of the record indicates that the Petitioner has not requested a waiver nor has he offered any explanation as to why we should excuse the untimely filing.  Accordingly, we dismiss this appeal as untimely.

## III.  Conclusion

Because the notice of appeal in this case was untimely filed and because the Petitioner has offered no facts supporting a waiver of this untimely filing in the interests of justice, the appeal is hereby dismissed.

_____
JEFFREY S. BIVINS, JUDGE

---

[1]  At the same time, the Petitioner also pled guilty to charges in two other cases.  He received an effective sentence of nine (9) years at 30% for all three cases.  The petition filed in this case only addresses the instant case.