IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2013

## MICHAEL T. GIBBS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
No. 285645     Barry A. Steelman, Judge

_____

**No. E2013-00814-CCA-R3-HC - Filed November 26, 2013**

_____

Michael T. Gibbs, Jr. ("the Petitioner") filed a petition for writ of habeas corpus in the Hamilton County Criminal Court, claiming that his sentences had expired. The habeas corpus court dismissed the petition, and the Petitioner now appeals. After a careful review of the record, we conclude that the Petitioner's notice of appeal is untimely. Moreover, the Petitioner offers no reasons why the interests of justice would support a waiver of the filing deadline. Accordingly, we dismiss the Petitioner's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Michael T. Gibbs, Jr., pro se, Clifton, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

The Petitioner entered guilty pleas on October 9, 2002, to burglary and theft of property and received concurrent sentences of two years and one year, to be served on probation. On the same day, the Petitioner pleaded guilty to one count each of burglary of an automobile and theft of property. The trial court sentenced the Petitioner to concurrent sentences of two years' and one year's probation for these convictions. The trial court ordered these sentences to run consecutively to each other and to a prior sentence.

On June 16, 2003, the Petitioner's probation on these sentences was revoked, and the trial court ordered the Petitioner to serve eleven months, twenty-nine days' incarceration, after which he would serve the remainder of his sentences on intensive probation. The Petitioner's probation again was revoked on September 27, 2004, and the trial court ordered the Petitioner to serve the remainder of his sentences in confinement, granting him pretrial and good behavior credit. On January 11, 2005, the Petitioner pleaded guilty to one count each of felonious operation of a motor vehicle and failure to appear. The trial court sentenced the Petitioner to concurrent sentences of six years and eleven months, twenty-nine days, respectively, to be served on intensive probation. The Petitioner's probation was revoked again on November 2, 2009, and the trial court ordered him to serve his sentences in confinement.

On October 12, 2012, the Petitioner filed a petition for habeas corpus relief, asserting that his sentences had expired.[1] The habeas corpus court dismissed this petition in an order entered on January 16, 2013. The Petitioner did not file his notice of appeal until March 21, 2013.

## Analysis

Ordinarily, a habeas corpus court's judgment becomes final thirty days after the entry of the judgment unless a notice of appeal is filed. Tenn. R. App. P. 4(a); see also State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003); State v. Boyd, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000). An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment. Tenn. R. App. P. 3(e) and 4(a). In the case of a pro se appellant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). The Petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. Tenn. R. App. P. 4(a).

The Petitioner's notice of appeal was untimely filed in this action. The notice of appeal was not filed until over two months after the January 16, 2013 order of the habeas corpus court dismissing the petition. Moreover, although the Petitioner is a pro se, incarcerated appellant, we note that even his handwritten notice of appeal states, "I, Michael T. Gibbs Jr., certified that I have forwarded a true and exact copy of this Notice of Appeal

---

[1] The Petitioner also filed for habeas corpus relief in Morgan County, and the Morgan County habeas corpus court summarily denied relief. This Court affirmed that decision on appeal. See Michael Gibbs, Jr. v. State, No. E2012-02690-CCA-R3-HC, 2013 WL 3946539, at *3 (Tenn. Crim. App. July 29, 2013), perm. app. denied (Tenn. Oct. 16, 2013).

*. . . on this day of March, 2013*." (Emphasis added). Accordingly, at the time that he drafted his notice of appeal, the filing deadline already had passed. Therefore, we must look to see if the interests of justice demonstrate a reason for us to waive the untimely filing. See Tenn. R. App. P. 4(a). A review of the record indicates that the Petitioner has not requested a waiver nor has he offered any explanation as to why we should excuse the untimely filing. Accordingly, we dismiss this appeal as untimely.

## **Conclusion**

Because the notice of appeal in this case was untimely filed and because the Petitioner has offered no facts supporting a waiver of this untimely filing in the interests of justice, the appeal is hereby dismissed.

_____
JEFFREY S. BIVINS, JUDGE