IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. COREY FOREST**

**Circuit Court for Maury County**
**No. 24034**

_____

**No. M2017-01126-CCA-R3-CD**

_____

JOHN EVERETT WILLIAMS, P.J., concurring.

I concur with the majority opinion in this case. I write separately to expand upon what I feel is the inappropriate procedure employed during this post-conviction proceeding. I am unaware of any authority that allows a trial counsel to allege ineffective assistance of counsel against himself or herself. Trial counsel in this case had a clear conflict of interest. *See Frazier v. State*, 303 S.W.3d 674, 682-83 (Tenn. 2010) (noting that an attorney in a post-conviction proceeding who had represented the petitioner on direct appeal had a clear conflict of interest); *see also Velarde v. United States*, 972 F.2d 826, 827 (7th Cir. 1992) ("[T]rial counsel … can hardly be expected to challenge … his own ineffectiveness.") (quoting *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991)). Attorneys are obligated to avoid ethical violations in their practice of law. *Frazier*, 303 S.W.3d at 683.

"Attempting to properly preserve a certified question of law is always a practice fraught with peril." *State v. Clifford Deleon Thomas*, No. E2012-01956-CCA-R3-CD, 2013 WL 4715660, at *3 (Tenn. Crim. App. Aug. 30, 2013). This case is included in "the ever-growing list of appeals that have been dismissed because the defendant failed to properly preserve a dispositive certified question." *Id.* Good attorneys have tried and failed to negotiate the strict requirements of a certified question of law, and I assume that trial counsel properly informed the Defendant of the perils associated with attempting to reserve a certified question of law. Here, trial counsel admits that he rendered ineffective assistance of counsel due to this court's prior opinion dismissing the Defendant's appeal based on the failure to adhere to the strict requirements for certifying a question of law. However, this court has recognized that the failure to adhere to these strict requirements does not necessarily render a trial counsel ineffective. *See e.g., John Ashley Snider v. State*, No. W2017-00582-CCA-R3-PC, 2018 WL 1040133, at *9 (Tenn. Crim. App. Feb. 21, 2018), *no perm. app. filed*; *Jeffrey King v. State*, No. M2016-02166-CCA-R3-PC, 2017 WL 3974093, at *10-11 (Tenn. Crim. App. Sept. 8, 2017), *perm. app. denied* (Tenn. Nov. 16, 2017); *Jeffrey King v. State*, No. M2016-01224-CCA-R3-PC, 2017 WL 2805200, at

*12-13 (Tenn. Crim. App. June 28, 2017), *perm. app. denied* (Tenn. Oct. 4, 2017); *Maurice Edward Carter v. State*, No. M2014-00750-CCA-R3-PC, 2015 WL 967255, at *11 (Tenn. Crim. App. Mar. 3, 2015); *Jamie Bailey v. State*, No. W2008-00983-CCA-R3-PC, 2010 WL 1730011, at *6-7 (Tenn. Crim. App. Apr. 29, 2010).

Furthermore, by filing a post-conviction petition alleging that trial counsel was ineffective only in regard to the certified question of law, trial counsel waived any and all other grounds of ineffective assistance of counsel that the Defendant may have had relating to trial counsel's performance leading up to the initial a guilty plea. *See Frazier*, 303 S.W.3d at 683. No such waiver would exist if new counsel had been appointed for post-conviction purposes. Because the trial court was aware that trial counsel had filed a post-conviction petition against himself, the trial court had an independent duty to inquire about the conflict of interest but failed to do so here. I also wish to express that I think the trial court did not fully inform the defendant as to why this action was being taken. During the colloquy with the trial court, the Defendant expressed his confusion about Rule 37. Instead of explaining to the Defendant that his attorney was admitting he was ineffective in filing the Rule 37 certified question it was merely glossed over and said he had it all fixed now. I also fail to understand why the State did not object and thought this was a good outcome.

As the majority opinion recognizes, a petitioner is entitled to post-conviction relief due to a trial counsel's deficient performance in certifying a question of law only if the petitioner establishes that but for trial counsel's deficiencies, the petitioner would not have entered a guilty plea and would have gone to trial. *See State v. Boyd*, 51 S.W.3d 206, 211 (Tenn. Crim. App. 2000); *John Ashley Snider v. State*, No. W2017-00582-CCA-R3-PC, 2018 WL 1040133, at *8 (Tenn. Crim. App. Feb. 21, 2018). It is clear from the record that the purpose of the improper procedure employed by trial counsel, the trial court, and the State was not to allow the Defendant to withdraw his guilty plea and proceed with a trial. Rather, the purpose was to allow the Defendant to reenter a guilty plea with differently worded certified questions of law in an effort to circumvent this court's prior opinion holding that the certified questions of law were not properly preserved and dismissing the appeal. *See State v. Corey Forest*, No. M2016-00463-CCA-R3-CD, 2017 WL 416290, at *1 (Tenn. Crim. App. Jan. 31, 2017). I cannot condone such a procedure that would essentially allow a defendant to continue to withdraw and reenter guilty pleas until the parties are finally able to comply with the requirements for certifying a question of law. Accordingly, I concur in the majority opinion.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

2