IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2018 Session

**STATE OF TENNESSEE v. COREY FOREST**

**Appeal from the Circuit Court for Maury County**
**No. 24034    Robert L. Jones, Judge**

_____

**No. M2017-01126-CCA-R3-CD**

_____

The Defendant-Appellant, Corey Forest, entered a guilty plea to possession of more than .5 grams of a Schedule II substance and to unlawful possession of a firearm and attempted to reserve two certified questions pursuant to Tennessee Criminal Procedure Rule 37(b)(2) regarding whether the stop of his vehicle was lawful.  After this court dismissed the appeal because the certified questions were not properly reserved, Forest filed a timely petition for post-conviction relief and obtained an agreed order stating that defense counsel had provided ineffective assistance in drafting the certified questions. The trial court then vacated Forest's judgments of conviction and allowed him to withdraw his guilty plea.  Thereafter, Forest and the State agreed to re-enter the original plea agreement.  Following a new plea submission hearing, the trial court accepted Forest's guilty plea to the same offenses and entered new judgments of conviction, with Forest reserving two new certified questions of law regarding the stop of his vehicle. Because the parties and the trial court did not follow the post-conviction procedures and law before the new certified questions were reserved and because Forest cannot establish that he was prejudiced by counsel's errors based on this record, we dismiss Forest's appeal, vacate the agreed order granting post-conviction relief, as well as the subsequent plea agreement and guilty plea, and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Case Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ROBERT W. WEDEMEYER, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Corey Forest.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Brent A. Cooper, District Attorney General; and Patrick Powell, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

On February 4, 2015, the Maury County Grand Jury indicted Forest for possession with the intent to sell 26 grams or more of cocaine in a drug-free school zone, simple possession of marijuana, and unlawful possession of a firearm during the commission of or attempt to commit a dangerous felony. These charges stemmed from the warrantless search of Forest's car on April 18, 2014. Thereafter, Forest filed a motion to suppress the evidence discovered during this search

Following the denial of the suppression motion, Forest entered a guilty plea to the lesser included offense of possession of more than .5 grams of cocaine without the school zone enhancement and to unlawful possession of a firearm as charged in the indictment, received an effective sentence of eleven years, and attempted to reserve the following two certified questions pursuant to Tennessee Criminal Procedure Rule 37(b)(2):

> (1) Was there a constitutionally permissible basis for the initial stop of the Defendant's vehicle?
>
> (2) Did the dog sniff impermissibly prolong the stop?

State v. Corey Forest, No. M2016-00463-CCA-R3-CD, 2017 WL 416290, at *1-3 (Tenn. Crim. App. Jan. 31, 2017). On review, this court concluded that Forest had failed to properly reserve his certified questions pursuant to Tennessee Criminal Procedure Rule 37 and dismissed the appeal. Id. at *5.

Thereafter, Forest, who continued to be represented by defense counsel, timely filed a post-conviction petition and obtained an agreed order[1] granting him post-conviction relief on the basis that defense counsel had provided ineffective assistance in drafting the certified questions. The trial court vacated Forest's judgments of conviction and allowed him to withdraw his guilty plea. See T.C.A. § 40-30-211(a). At that point, Forest and the State, who then were placed in the same position they had occupied prior to the guilty plea, agreed to re-enter the original plea agreement.

At the May 5, 2017 plea submission hearing, the court described the procedural history of this case:

---

[1] Although this agreed order is noticeably absent from the appellate record, the trial court referenced this agreed order during the May 5, 2017 plea submission hearing, and trial counsel referred to it at length during oral argument in this case.

[U]nder Rule 37 [defense counsel] attempted to []reserve a certified question for Appellate Review about the Trial Court's failure to suppress the evidence from the stop. . . . [T]his is the second time I've done one of these kinds of proceedings to find ineffective assistance of counsel and start the plea all over again.

After requiring defense counsel to explain how the new certified questions were superior to the previous ones, the court had the following discussion with Forest:

| The Court: | All right, Mr. Forest, you understand why we are here today, don't you? |
|---|---|
| Mr. Forest: | Yes, sir. |
| The Court: | Do you want to try to return back to where you were, still take advantage of the plea agreement that you and [defense counsel] negotiated with the State before, but start the Appeal process all over. And [defense counsel], I think we've already signed a satisfactory Order finding ineffective assistance of Counsel and granting Mr. Forest Post[-]Conviction Relief; is that correct? |
| [Defense Counsel]: | That's correct, Your Honor. |
| The Court: | So, we are here today with a brand new, somewhat clean slate, still got an indictment, still got the charge against him and still got the Trial Court's decision denying the Motion to Suppress. |

The trial court then summarized the terms of the plea agreement and informed Forest of the rights he was waiving by entering a guilty plea in this case. Forest admitted that there was a factual basis for his guilty plea and acknowledged that although he was reserving certified questions to his guilty plea, the Court of Criminal Appeals could agree with the trial court that the search was proper, which would mean he would stand convicted of the offenses that were part of his plea agreement. The trial court and Forest then had the following exchange:

| | |
|---|---|
| The Court: | Are you satisfied that except for the wording of the Rule 37 question on Appeal that [defense counsel] has been a good lawyer for you? |
| Mr. Forest: | Yes, sir. It kind of confuses me about that Rule 37 and I would like to get a better understanding of what they was talking about when they sent them papers through. |
| The Court: | It just means that they didn't—he didn't word it exactly right so they would accept it and hear it. But now, he's fixed it we think and you are going to get another chance at that. But I don't know if that will help you or not, you understand that? I don't think they will[,] or I wouldn't have ruled the way I did on the Suppression Hearing. |

The trial court then accepted Forest's guilty plea to possession of more than .5 grams of a Schedule II substance without the school zone enhancement and to unlawful possession of a firearm, imposed an effective eleven-year sentence, and entered new judgments of conviction, which referenced a separate order reserving the following two new certified questions of law:

1.  Was the initial stop of Mr. Forest outside the Columbia city limits without reasonable suspicion, and/or unauthorized for a "citizen[,"] in violation of Mr. Forest's guarantees against unreasonable searches and seizures under the 4th Amendment to the United States Constitution and Article I, Section 7 of the Constitution of the State of Tennessee?

2.  Was Mr. Forest's initial stop for "speeding" prolonged for the arrival of the drug dog, in violation of Mr. Forest's guarantees against unreasonable searches and seizures under the 4th Amendment to the United States Constitution and Article I, Section 7 of the Constitution of the State of Tennessee?.

On June 1, 2017, Forest filed a timely notice of appeal.

On April 17, 2018, during oral argument in this case, a judge on this panel asked defense counsel, "Did you post-convict yourself?," and defense counsel quickly replied,

"I sure did. . . . I've done it twice." A short time later, defense counsel detailed the series of events in this case:

> We went back to the trial court after your Honors found that the questions weren't certified properly, timely filed a [petition for post-conviction relief] and [the trial court and] the State agreed. We entered an agreed order that's in the [trial court] record. The State agreed that [the certified questions] weren't properly certified and that but for counsel's errors, the defendant would not have pled guilty. And this thing was brought back up by everybody pretty much in agreement that this appeal needed to be heard.

## ANALYSIS

Before addressing Forest's certified questions on the merits, we must first consider whether this court has jurisdiction to hear this case. As we will explain, because the parties and the trial court did not follow the post-conviction procedures and law before the new certified questions were reserved and because Forest cannot establish that he was prejudiced by counsel's errors based on this record, the agreed order granting post-conviction relief is vacated, and we lack jurisdiction to hear this case.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. If the trial court does not dismiss the post-conviction petition, "the court shall enter an order setting an evidentiary hearing." Id. § 40-30-109(a) (emphases added); see Tenn. Sup. Ct. R. 28, § 8(A). "The evidentiary hearing shall be within four (4) calendar months of the entry of the court's order [setting the evidentiary hearing]." T.C.A. § 40-30-109(a); see Tenn. Sup. Ct. R. 28, § 8(B). At the evidentiary hearing, "[t]he petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence." T.C.A. § 40-30-110(f) (emphases added); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal[.]" T.C.A. § 40-30-111(a).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient

- 5 -

performance prejudiced the defense.  Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)).  In order to satisfy the "prejudice" requirement in the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

While a post-conviction proceeding is the proper mechanism for challenging counsel's failure to properly reserve a certified question, such proceedings are not always successful.  See State v. Sigifredo Ruiz, No. M2000-03221-CCA-R3-CD, 2001 WL 1246397, at *4 (Tenn. Crim. App. Oct. 17, 2001) (recognizing that "the reasons a defendant pleads guilty may be varied, [and] it is not necessarily the case that the inducement to plead guilty is the ability to have a certified question considered on appeal").  An attorney's failure to properly reserve a certified question is "not automatically the ineffective assistance of counsel."  Eddie Lee Lowe v. State, No. W1999-00881-CCA-R3-PC, 2000 WL 1285333, at *7 (Tenn. Crim. App. Aug. 30, 2000).  "A guilty plea based upon the reasonably competent advice of counsel may not be attacked because of the possibility that the eventual outcome of an issue may have been favorable to the petitioner had he or she proceeded to trial."  Id.  Moreover, "a defendant's decision to plead guilty may rest upon factors that go beyond the legal issues involved in the case such as the reduction of stress on the defendant and his or her family, the removal of uncertain consequences arising from a trial, and the reduction of actual exposure."  Id.

When challenging a counsel's ineffectiveness in failing to preserve a certified question in a post-conviction proceeding, the petitioner must show that trial counsel's performance was deficient in failing to properly reserve the certified questions of law and that but for counsel's assurance that he would be able to appeal certain dispositive questions of law, the petitioner would not have entered his guilty plea and would have gone to trial.  See State v. Boyd, 51 S.W.3d 206, 211 (Tenn. Crim. App. 2000); John Ashley Snider v. State, No. W2017-00582-CCA-R3-PC, 2018 WL 1040133, at *8 (Tenn. Crim. App. Feb. 21, 2018); see also Hill, 474 U.S. at 59.  If a petitioner can demonstrate both deficiency and prejudice in counsel's failure to properly present a certified question for review, then the trial court must vacate the judgment of conviction and allow the petitioner to withdraw his guilty plea.  Boyd, 51 S.W.3d at 211; T.C.A. § 40-30-111(a).

The record shows that Forest, while still represented by defense counsel, filed a post-conviction petition alleging that defense counsel provided ineffective assistance in drafting the first set of certified questions.  The court, upon being presented with this petition, never questioned whether defense counsel had a conflict of interest in representing Forest in a case alleging defense counsel's own ineffectiveness and never

entered an order setting the petition for an evidentiary hearing as required by Code section 40-30-109(a). Thereafter, the court, without ever requiring Forest to satisfy his "burden of proving the allegations of fact by clear and convincing evidence," see T.C.A. § 40-30-110(f), or requiring Forest to establish that defense counsel's performance was both deficient and prejudicial, see Vaughn, 202 S.W.3d at 116, allowed the parties to enter an agreed order as to defense counsel's ineffectiveness before vacating Forest's judgments of conviction and allowing Forest to withdraw his guilty plea. See T.C.A. § 40-30-111(a). Given these errors, we are constrained to conclude that the agreed order must be vacated. To conclude otherwise would enable petitioners to obtain post-conviction relief and withdraw their guilty pleas without ever having to the satisfy the burden of proof in a post-conviction case alleging ineffective assistance of counsel. See Dellinger, 279 S.W.3d at 293-94.

This court has routinely addressed "procedural failures which went to the very nature of our jurisdiction sua sponte in order to preserve the integrity of and prevent prejudice to the judicial process." Boyd, 51 S.W.3d at 211 (citing State v. Bowlin, 871 S.W.2d 170, 173 (Tenn. Crim. App. 1993)); cf. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984) ("This court will not violate court rules to assume jurisdiction of a matter on agreement of litigants and the trial court."); State v. Larry Tharpe, No. 02C01-9302-CC-00018, 1994 WL 51423, at *3 (Tenn. Crim. App., at Jackson, Feb. 23, 1994) ("This Court cannot assume jurisdiction of a matter based on an agreed order signed by the litigants and the trial court."). Because the parties and the trial court did not follow the post-conviction procedures and law before the new certified questions were reserved, the agreed order granting post-conviction relief is vacated, and we lack jurisdiction to hear this case.

We add that even if the proper post-conviction procedures had been followed in this case, Forest cannot prove that but for defense counsel's errors in drafting the certified questions of law, he would not have entered his guilty plea and would have gone to trial. See Hill, 474 U.S. at 59. The record in this case is clear that the only reason Forest sought to withdraw his guilty plea was to enter the same plea agreement for the purpose of correcting his certified questions, thereby avoiding a trial. See John Ashley Snider, 2018 WL 1040133, at *9. For all these reasons, we firmly reject Forest's attempt to obtain a "'do-over' with the same sentence but a better certified question of law." Id. at *10 (Woodall, P.J., concurring).

## CONCLUSION

Because the agreed order granting post-conviction relief must be vacated, we lack jurisdiction to hear this case. Accordingly, we dismiss Forest's appeal, vacate the agreed order granting post-conviction relief, as well as the subsequent plea agreement and guilty

plea, and remand the case to the trial court for further proceedings consistent with this opinion.

_____
CAMILLE R. MCMULLEN, JUDGE