IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 5, 2021 at Jackson

## DONTE R. SWAINER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2015-B-866      Steve R. Dozier, Judge**

_____

### No. M2021-00205-CCA-R3-PC

_____

Petitioner, Donte R. Swainer,[1] appeals the summary dismissal of his petition for post-conviction relief challenging his 2018 conviction for attempted aggravated robbery. Petitioner argues that the post-conviction court improperly determined that the petition was time-barred.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Donte R. Swainer, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

In April 2015, Petitioner and co-defendant, Quintavious Montez Patton, were indicted for aggravated robbery in Davidson County Criminal Case No. 2015-B-866 based on an incident that occurred on February 27, 2014.  On August 30, 2018, Petitioner pled guilty to the lesser-included offense of attempted aggravated robbery.  Pursuant to a plea agreement, the trial court sentenced Petitioner to three years' incarceration to be served

---

[1] In the appellate record, Petitioner's name is listed as "Donte R. Swainer" on the indictment, "Donte Swainer" on plea paperwork, and "Donte Swanier" on the petition for post-conviction relief.  For clarity, we have used Petitioner's name as it appears in the indictment.

concurrently with Petitioner's life sentence in Davidson County Criminal Case No. 2015-B-865.[2]  In accepting the guilty plea, the trial court specifically found that Petitioner understood he was waiving the right to appellate review of the conviction.

On June 3, 2020, Petitioner filed a pro se petition for post-conviction relief in Case No. 2015-B-866.  Petitioner acknowledged that the petition was untimely but asserted that he "should be given an exception" to the one-year statute of limitations because he was "actively trying to obtain legal help with his case."  As grounds for due process tolling, Petitioner alleged that he did not know he could pursue post-conviction relief until March 2020.  He alleged that:

> his prior attorney[,] Frank Brazil[,][3] failed to inform him what constituted a post-conviction; exactly when to file a post-conviction and who[m] he should contact for assistance.  Petitioner's other attorneys[,] Jack Byrd, Richard McGee, [and] Lisa Naylor[,][4] [whom] he made inquiries to about [Case] No. 2015-B-866, were not forthcoming with an answer, concerning appeal of [Case No.] 2015-B-866.  The record reflects that Richard McGee and Lisa Naylor were permitted to withdraw as counsel.  It was Petitioner's understanding that as part of the payment agreement for their representation, it required them to handle the appeal of [Case] No. 2015-B-866.  Neither attorney provided Petitioner with their contract or notice about filing appeal, among other things.

(Footnotes added).  Petitioner subsequently filed an amended petition for post-conviction relief and a second amended petition for post-conviction relief.

---

[2] Petitioner was convicted of first degree felony murder, attempted especially aggravated robbery, and attempted aggravated robbery in Case No. 2015-B-865, stemming from an incident that occurred on March 18, 2014.  *State v. Quintavious Montez Patton and Donte R. Swanier*, M2018-01462-CCA-R3-CD, 2020 WL 1320718, at *1 (Tenn. Crim. App. Mar. 19, 2020).  Petitioner was sentenced to life for the first degree felony murder conviction, with the remaining sentences to be served concurrently with the life sentence.  *Id.* at *6.  This court affirmed Petitioner's judgments of conviction in Case No. 2015-B-865 on March 19, 2020, and on June 29, 2020, Petitioner filed a timely petition for post-conviction relief in that case.

[3] The record reflects that Mr. Brazil represented Petitioner in Case No. 2015-B-866.

[4] To assist in our resolution of the instant case, we take judicial notice of this court's record in Petitioner's direct appeal of Case No. 2015-B-865.  *See State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009). The record in that case reflects that Mr. McGee and Ms. Naylor filed a notice of appearance in July 2015. In June 2017, they filed a motion to withdraw from the case, which was granted by the trial court.  Mr. Byrd was then appointed to represent Petitioner in Case No. 2015-B-865.  Following the denial of Petitioner's motion for new trial, a fourth attorney, Patrick McNally, filed a notice of appearance and represented Petitioner on direct appeal.  *See also Quintavious Montez Patton and Donte R. Swanier*, 2020 WL 1320718, at *1.

On January 28, 2021, the post-conviction court entered a written order summarily dismissing the petition as time-barred. The post-conviction court noted Petitioner's acknowledgment that he filed the petition beyond the one-year statute of limitations "where he was only made aware of the mechanism for post-conviction relief after his direct appeal for Case No. 2015-B-865 was denied." The post-conviction court found that Petitioner failed to allege one of the three exceptions to the statute of limitations and that Petitioner's lack of awareness of the relief available under the Post-Conviction Procedure Act did not entitle him to due process tolling. Accordingly, the post-conviction court dismissed the petition. This timely appeal follows.

## Analysis

On appeal, Petitioner contends that the post-conviction court improperly dismissed his petition as time-barred. Petitioner argues that he was entitled to due process tolling of the statute of limitations because neither his attorney in Case No. 2015-B-866 nor his attorneys in Case No. 2015-B-865 told him about the avenue for post-conviction relief or about the applicable statute of limitations. The State responds that the post-conviction court properly dismissed the petition. We agree with the State.

*Timeliness*

The Post-Conviction Procedure Act states the following:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2020). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is file." *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. 2000).

A court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate

- 3 -

court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b) (2020).

Because no appeal was taken in Case No. 2015-B-866, the post-conviction statute of limitations began to run on September 29, 2018, the date on which the judgment became final. Therefore, the instant petition for post-conviction relief, filed June 3, 2020, exceeded the limitations period by more than eight months. Moreover, statutory tolling does not apply. There is no newly recognized constitutional right in Petitioner's case, Petitioner asserts no new scientific evidence, and none of Petitioner's prior convictions have been held invalid. The post-conviction court properly found that the instant petition was untimely.

*Due Process Tolling*

Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. *Id.* at 468-69. The post-conviction deadline can toll on due process grounds in cases "(1) where the grounds for overturning the conviction arose after the statute of limitations had run; (2) where the prisoner was mentally incompetent; and (3) where a prisoner has been actively misled by attorney misconduct." *Bush v. State*, 428 S.W.3d 1, 23 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013)). Pursuing one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts'" to pursue his claim. *Id.* (quoting *Whitehead*, 402 S.W.3d at 631).

- 4 -

The pervasive theme in cases involving due process tolling "is that circumstances beyond the petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011). Attorney misrepresentation about the status of a direct appeal could justify due process tolling. *Williams*, 44 S.W.3d at 468, 471. However, in the absence of "active misrepresentation," Tennessee courts have not held that "counsel's inadvertent or negligent failure to inform his or her client of the right to file a post-conviction petition" tolls the limitations period. *Smith*, 357 S.W.3d at 358; *see also Williams*, 44 S.W.3d at 468 n.7 ("[W]e are not holding that a petition may be excused from filing an untimely post-conviction petition as a result of counsel's negligence.")

A petitioner's failure to file a timely post-conviction petition or allege sufficient facts to show due process tolling deprives the court of jurisdiction to consider the post-conviction claims. Tenn. Code Ann. § 40-30-102(b) (2020); *see also State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) (failure to include sufficient facts to show timeliness or due process tolling "will result in dismissal"); *State v. James Tremelle Hunt*, No. M2013-01649-CCA-R3-CD, 2014 WL 6682465, at *3-4 (Tenn. Crim. App. Nov. 26, 2014), *perm. app. denied* (Tenn. Mar. 12, 2015).

In this case, Petitioner failed to allege any facts in the petition that would justify due process tolling. Petitioner alleged that he first learned he could pursue post-conviction relief in the instant case in March 2020, asserting that his attorney (Mr. Brazil) had "failed to inform him what constituted a post-conviction; exactly when to file a post-conviction and who[m] he should contact for assistance." Petitioner also alleged that attorneys who represented him at various times in Case No. 2015-B-865 (Mr. McGee, Ms. Naylor, and Mr. Byrd) were unresponsive to his questions "concerning appeal of [Case No.] 2015-B-866." However, his attorneys' purported failure to inform him of post-conviction relief procedure does not constitute grounds for due process tolling. *See Smith*, 357 S.W.3d at 358; *Williams*, 44 S.W.3d at 468 n.7.

Petitioner further alleged that, despite having been allowed to withdraw from representing Petitioner, it was his understanding that Mr. McGee and Ms. Naylor were required to "handle the appeal of [Case] No. 2015-B-866." However, Petitioner did not cite to anything showing an agreement that Mr. McGee and Ms. Naylor would represent him in an appeal in case number 2015-B-866. In any event, the record reflects that Petitioner entered a guilty plea with a negotiated sentence in Case No. 2015-B-866. Nothing was left to the trial court's discretion, and Petitioner had no right to appeal. *See* Tenn. R. Crim. P. 37(b); *State v. Carlos E. Bryan*, No. M2001-02705-CCA-R3-CD, 2002 WL 31769200, at *1-2 (Tenn. Crim. App. Dec. 11, 2002) (no right to appeal plea with agreed upon sentence absent properly reserving a certified question of law), *reh'g denied* (Tenn. Crim. App. Jan. 6, 2003). Moreover, the trial court specifically found that Petitioner

understood that he was waiving the right to appellate review of the conviction when he entered his guilty plea.

Petitioner failed to allege facts that would justify due process tolling. Consequently, the post-conviction court was without jurisdiction to consider the claims in the petition, and the court properly dismissed the petition as time-barred.

## **Conclusion**

Based on the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE