IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2026

## SEAN WILLIAM LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. I04-00029-32    Chris Craft, Judge

———————————————

### No. W2025-00954-CCA-R3-PC

———————————————

The pro se Petitioner, Sean William Lee, appeals the summary dismissal of his petition for post-conviction relief. On appeal, the Petitioner argues that his guilty plea to multiple child sex offenses was involuntarily and unknowingly entered. Specifically, he submits that he was misinformed the Tennessee Bureau of Investigation would be supervising him while he was on the sex offender registry, instead of the Tennessee Department of Correction, the entity actually supervising him, rendering his plea constitutionally infirm. Because this particular issue was not first properly presented in the post-conviction court, this court is without authority to engage in plenary review. Accordingly, the judgment of the post-conviction court is affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which MATTHEW J. WILSON and STEVEN W. SWORD, JJ., joined.

Sean William Lee, Bartlett, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Petitioner's Guilty-Pleaded State and Federal Convictions

In August 2004, the Petitioner, by way of criminal information in the Criminal Court for Shelby County, Tennessee, was charged with three counts of attempted aggravated sexual battery of a child less than thirteen years of age. *See* Tenn. Code Ann. §§ 39-12-101, -13-504. The first two instances were alleged to have occurred between May 1 and August 11, 2003, and the third between October 1 and 31, 2003. *See Doe v. Lee*, No. 21-cv-02156-atc, 2022 WL 20582022, at *1 (W.D. Tenn. Aug. 25, 2022). The Petitioner was also charged therein with one count of criminal solicitation of a minor to commit aggravated sexual battery, which was said to have occurred between January 3 and 4, 2004. *See id.*; *see also* Tenn. Code Ann. § 39-13-528.

On August 18, 2004, the Petitioner entered a best interest, or *Alford*,[2] plea to all of the Shelby County offenses as charged, and in exchange, he received an effective three-year sentence, which was suspended to six years of probation. His judgment forms indicated that he was required to enroll "on [the] sex offender registry" within forty-eight hours of his release from incarceration. According to the transcript of his guilty plea hearing,[3] the prosecutor, in announcing the terms of the agreement, stated that the three attempted aggravated sexual battery charges were "qualifying offenses that require[d] the [Petitioner] to be placed under the community supervision of the Tennessee Board of [P]arole and Probation for the remainder of his life." During the plea colloquy, the Petitioner said that he understood these felony convictions would "be on [his] record . . . as sex offenses from now on." The trial court then explained, "Because of that,

---

[1] The record on appeal is sparse. However, this court can take judicial notice of its own records. *See* Tenn. R. App. P. 13(c); *Harris v. State*, 301 S.W.3d 141, 147 n.4 (Tenn. 2010) (noting that an appellate court may take judicial notice of its own records). Thus, we have taken judicial notice of the appellate record filed in the Petitioner's previous error coram nobis case. We utilize that appellate record, as well as federal opinions involving the Petitioner, to supply many of the necessary procedural and factual details.

[2] This type of plea is named after *North Carolina v. Alford*, 400 U.S. 25 (1970), in which the United States Supreme Court discussed the right of an accused to plead guilty in his or her own best interest while still professing actual innocence.

[3] The post-conviction court cited to these excerpts from the guilty plea transcript in its order of summary dismissal. The Petitioner also attached a portion of the guilty plea transcript to a filing in the technical record, as well as to his appellate brief.

you're gonna have to be supervised for life. You're gonna have to report where you live, where you work, and things like that to the Tennessee Bureau of Investigation." The Petitioner indicated that his attorney had informed him of "all of these reporting requirements."

Thereafter, in 2005, the Petitioner pled guilty in the United States District Court for the Western District of Tennessee "to using a computer/telephone system for the purpose of persuading a minor to engage in sexual acts." *Lee v. Rivera*, No. 16CV00144, 2017 WL 1217222, at *1 (E.D. Ark. Mar. 13, 2017) (citing 18 U.S.C. § 2422(b)) (setting forth the magistrate's proposed findings and recommendations). In June 2006, the Petitioner was sentenced to 188 months' imprisonment, with supervised release for life. *Id.* The imposition of this sentence was based, in part, upon the finding that the Petitioner had prior convictions in Tennessee for sex offenses. *Id.* Following the Petitioner's guilty plea, he began an extensive series of legal proceedings in district courts challenging his federal conviction and sentence. *See Lee v. Beasley*, No. 18-cv-00075, 2018 WL 5541159, at *1-2 (E.D. Ark. Oct. 10, 2018) (detailing the procedural history of the Petitioner's various filings in federal courts prior to that date).

Concomitantly with these federal proceedings, the Petitioner filed a state petition for a writ of error coram nobis in December 2013 with the Criminal Court for Shelby County contesting the instant State convictions. *See generally Lee v. State*, No. W2014-00335-CCA-R3-ECN, 2014 WL 7179336 (Tenn. Crim. App. Dec. 17, 2014) (memorandum opinion), *perm. app. denied* (Tenn. Apr. 14, 2015). As "newly discovered evidence" entitling him to coram nobis relief, the Petitioner cited to "his November 2013 'chance discovery that the criminal court judge [who sentenced him] failed to abide by Tennessee law at sentencing, thereby rendering the sentence illegal and therefore void,' resulting in an unknowing guilty plea." *Id.* at *1 (citation modified). His specific complaints were "that counsel led him to believe he had been charged by indictment, when it was, instead, a criminal information; . . . a presentence report was not prepared; . . . he [was not] told of the community supervision requirement; and . . . there was no discussion before the fine and costs were assessed." *Id.* "[T]he coram nobis court concluded that the petition had been filed 'more than eight years too late,' for [the Petitioner] had not alleged the existence of any newly discovered evidence but, instead, complained that his guilty plea was involuntary, counsel had been ineffective, and the judgment was void." *Id.* at *2.

On appeal to this court, the panel affirmed, explaining that the Petitioner "had not discovered any new 'evidence,' recognizing, instead, alleged defects in the sentencing procedure" were not cognizable claims in a coram nobis proceeding. *Id.* (citation omitted). This court also observed that "the record support[ed] the conclusion of the coram nobis

- 3 -

court that the petition was untimely, for it was not filed within one year of the date the trial court judgment became final." *Id.* (citing Tenn. Code Ann. § 27-7-103). Finally, this court noted that, even if the pleading were treated as a petition for post-conviction relief, it was still time-barred. *Id.* (citing Tenn. Code Ann. § 40-30-102).

The Petitioner was ultimately released from incarceration in 2019. *Doe*, 2022 WL 20582022, at *2. Upon his release, the Petitioner had forty-eight hours to enroll with Tennessee's sexual offender registry based upon his August 2004 Shelby County convictions. *Id.* Thereafter, the Petitioner began mounting challenges to the present Shelby County convictions in federal courts, including the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("SORA"), as amended, on several grounds. *See generally id.*; *Doe v. Lee*, No. 21-cv-02156-atc, 2023 WL 2001051 (W.D. Tenn. Jan. 25, 2023). Generally speaking, at the root of the Petitioner's claims attacking these convictions is that SORA, which was not effective until August 1, 2004, should not be applied retroactively to him.[4] *See* 2004 Tenn. Pub. Acts, ch. 921. SORA, which has been amended multiple times since its enactment, continues to be in effect today. *See* Tenn. Code Ann. §§ 40-39-201 to 218.

Eventually, the Petitioner requested, and received, a preliminary injunction from the United States Western District Court prohibiting the State of Tennessee from applying and enforcing SORA against the Petitioner, *in toto*, as violative of the *Ex Post Facto* Clause. *Doe v. Lee*, No. 21-cv-02156-atc, 2023 WL 8190708, at *1-2 (W.D. Tenn. Nov. 27, 2023). However, the Sixth Circuit ultimately reversed the district court's decision enjoining application of SORA in its totality to the Petitioner. *Does #1–9 v. Lee*, 102 F.4th 330, 332 (6th Cir. 2024). Rather, the Sixth Circuit reasoned that the district court, utilizing Tennessee's typical elision analysis, should have severed the specific provisions of Tennessee's scheme that were unconstitutional as applied to the Petitioner. *Id.* at 340-41. The case was remanded to the district court for a determination of which specific unconstitutional provisions, if any, Tennessee was enforcing against the Petitioner and for modification of the injunction accordingly. *Id.* at 341-42.

### B. Current Post-Conviction Petition and Proceedings

The Petitioner, returning to state court, filed the instant petition for post-conviction relief in the Criminal Court for Shelby County on May 21, 2025. An amendment to that petition was filed the same day. As has been observed by many of the other courts addressing the Petitioner's various challenges, he has presented yet another rambling and

---

[4] At the time the Petitioner committed these acts, Tennessee's Sexual Offender Registration and Monitoring Act of 1994 was in effect.

disjointed filing. From the current post-conviction petition and its amendment, we identify these broad claims for relief: (1) a "violation of due process and *ex post facto* clauses" based upon the application of SORA's obligations and classifications to him for pre-SORA conduct; (2) a breach of the plea agreement and entry of an involuntary plea because SORA's requirements were "not disclosed [to him] or contemplated at the time of [his] plea"; (3) ineffective assistance of counsel due to trial counsel's failure to advise him of SORA's conditions; (4) a void judgment because the trial court "lacked jurisdiction or imposed a sentence unauthorized by law," or alternatively, a voidable judgment given that his guilty plea was "obtained through a fundamentally defective process," rendering it unknowing and involuntary; (5) "reputational harm without due process" of law, specifically, the failure to make individualized findings before classifying him as a "violent" and "child" sexual offender; and (6) SORA's provisions were unconstitutional as they were void for vagueness. Within these various arguments, the Petitioner cited as "SORA's punitive effects": its lifetime reporting and supervision requirement, the "public shaming" and "ongoing stigma" from its classifications, and its restrictions on residency, travel, and employment.

Addressing the issue of timeliness, the Petitioner averred that "[h]e was without fault in failing to previously raise these claims" and that "[s]trict application of procedural rules in this context would result in denial of due process and access to the courts." The Petitioner also cited Tennessee Code Annotated section 40-30-102(b) and contended that a new constitutional right had been recognized that required retroactive application, "that [n]ew facts and evidence ha[d] arisen that were not discoverable through due diligence at the time of the original conviction," and that "[t]he judgment is void or voidable because the sentencing court lacked authority to impose obligations based on a non-existent law."

On June 17, 2025, the post-conviction court entered an order summarily dismissing the petition. The post-conviction court first listed a litany of the Petitioner's filings over the years attempting to void his guilty plea—one filing seeking to "cancel the plea agreement" because it was induced by fraud; multiple filings alleging an illegal sentence for various reasons; a petition to withdraw his guilty plea because he had not been advised of the consequences of his plea, particularly community supervision for life; several petitions for writs of error coram nobis; and "many other motions."

The post-conviction court noted that the Petitioner had "known for over [twenty] years that he" was subjected to SORA's requirements and that the Petitioner was still seeking relief "on the same grounds" as raised in the December 2013 coram nobis petition. According to the post-conviction court, the Petitioner had "allege[d] no newly discovered defects in his plea, no newly discovered evidence, and . . . no new case law that would have

- 5 -

rendered his plea[] . . . unknowing or not voluntary." It also concluded that it had not imposed "an unconstitutional retroactive punishment upon the [P]etitioner when he entered his plea of guilty to" these offenses in 2004. For these reasons, the post-conviction court dismissed the petition as time-barred, its being filed well beyond the one-year limitations period for post-conviction petitions. *See* Tenn. Code Ann. § 40-30-102. In addition, it determined that, even if the petition were treated as a motion to reopen a prior post-conviction proceeding, the Petitioner had failed to meet any of the requirements to reopen under Tennessee Code Annotated section 40-30-117.

On June 25, 2025, the Petitioner filed a timely notice of appeal. Almost two months later, on August 21, 2025, the Petitioner filed in the post-conviction court a "Supplement to Amended Petition for Post-Conviction Relief," attempting "to incorporate additional grounds in support of the claims asserted therein." Specifically, the Petitioner argued that present enforcement of SORA's community supervision for life obligation by the Tennessee Department of Correction ("TDOC"), rather than the Tennessee Bureau of Investigation ("TBI"), was unlawful. He claimed that TDOC supervision "exceed[ed] the authority delegated by the sentencing court and impose[d] substantial liberty restrictions without judicial or statutory authorization" in violation of due process of law. The Petitioner cited to the trial court's purported statement during the guilty plea hearing that his supervision would be conducted by the TBI, not the TDOC. He also submitted that there was no provision within SORA authorizing the TDOC to enforce registration obligations. According to the Petitioner, this enforcement discrepancy constituted a material change to the plea agreement and rendered his judgments void or voidable.

## II. ANALYSIS

On appeal, the Petitioner's contention in his principal brief is that his guilty plea was unknowing and involuntary because the trial court "materially misadvised" him that the TBI was going to supervise him while on the sex offender registry, rather than the TDOC, the entity now supervising him. According to the Petitioner, he "could not [have] possibly underst[ood] the reality of TDOC's punitive supervision—with its GPS, therapy, and warrantless searches—because the court directed him to a different, powerless agency." He indicates that "its *ex post facto* enforcement has been fundamentally unfair." He later states in a "declaration" attached to his principal brief that he would not have pled guilty "had [he] known [the] TDOC would impose lifetime punitive supervision." He concludes that a "critical term" of his guilty plea was a "legal fiction" because the "*TBI has no authority to supervise offenders* and its role is purely administrative." As for his petition being timely, the Petitioner submits that "[t]his misrepresentation constitutes a later-arising ground" requiring equitable tolling of the limitations period.

The State requests waiver of this supervising authority issue given that it was not raised in the post-conviction court and is raised for the first time on appeal. The Petitioner responds to the State's waiver request by asserting that "claims of void or illegal sentences under Tenn[essee] R[ule] Crim[inal] P[rocedure] 36.1 are jurisdictional, not subject to waiver, and reviewable de novo at any time." He also states that, because he is a pro se litigant, his "petition must be liberally construed to encompass the core claim that the sentencing court's oral pronouncement of [TBI] supervision rendered the sentence illegal and the plea involuntary." According to the Petitioner, "[t]he State's silence on the merits concedes that the sentence is void and the plea was not knowing and intelligent." The Petitioner also asks for plain error review if the issue is deemed waived.

Tennessee Code Annotated section 40-30-106(g) provides that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with limited exceptions that are not applicable here. "[A]n appellate court's jurisdiction is 'appellate only.'" *State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022) (first quoting Tenn. Const. art. VI, § 2; and then citing Tenn. Code Ann. § 16-5-108(a)). "It extends to those issues that 'ha[ve] been formulated and passed upon in some inferior tribunal.'" *Id.* (quoting *Fine v. Lawless*, 205 S.W. 124, 124 (1918)). As a general proposition, this court will not address issues that were not raised in the post-conviction petition or addressed by the post-conviction court. *Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996); *see State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) (stating that issues raised for the first time on appeal are waived).

On appeal, the crux of the Petitioner's issue in his principal brief deals with supervision by the TDOC, rather than what he insinuates was promised supervision by the TBI, and whether he was "materially misadvised" regarding the appropriate supervising agency rendering his guilty plea involuntarily and unknowingly entered. Any underlying legal basis for this claim is certainly imprecise, at best. Although we generally afford pro se litigants greater leniency than lawyers, they nevertheless are not "entitled to shift the burden of litigating their case to the courts." *State v. Benson*, No. W2017-01276-CCA-R3-CD, 2018 WL 4562928, at *3 (Tenn. Crim. App. Sep. 21, 2018) (citing *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009)). Moreover, in his reply brief, the Petitioner focuses on Rule 36.1, contending that his judgments are void and his sentences illegal, and that such matters can be corrected at any time. We note that an appellant cannot abandon an argument advanced in his or her principal brief and advance a new argument to support an issue in the reply brief. *See* Tenn. R. App. P. 27; *Hughes v. Tenn. Bd. of*

*Prob. & Parole*, 514 S.W.3d 707, 724 (Tenn. 2017) ("Issues raised for the first time in a reply brief are waived.").

Furthermore, while the Petitioner raised several broad challenges in his post-conviction petition and amendment, including an involuntary and unknowing plea, as well as claiming that his judgments are void or voidable, the particulars of this distinct issue regarding the appropriate supervising agency were absent. In both his petition and amended petition, the Petitioner challenged the imposition of the punitive effects of SORA as it related to the community supervision for life requirement, his classification as a violent child sex offender, and its restrictions on residency, travel, and employment. As presented, we are unable to discern any correlation between the Petitioner's appellate argument regarding the appropriate supervising authority to the claims made in the post-conviction petition and its amendment.[5]

We observe that, on August 21, 2025, the Petitioner filed a "Supplement to Amended Petition for Post-Conviction Relief" in the post-conviction court, wherein he attempted to incorporate the claim he now raises on appeal regarding the appropriate supervising agency. However, this pleading was never considered by the post-conviction court, and rightly so. Here, the post-conviction court's order summarily dismissing the post-conviction petition, entered on June 17, 2025, disposed of all the issues in the case. Thus, it constituted a final judgment. *See* Tenn. Code Ann. § 16-5-108; Tenn. R. App. P. 3(b). "Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter." *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000) (citations omitted); *see also* Tenn. R. App. P. 4(a), (c). When the Petitioner's notice of appeal was filed with this court on June 25, 2025, the post-conviction court was divested of its jurisdiction. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) ("The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction."). Thus, it had no authority to

---

[5] We note that, on February 8, 2026, after briefing was complete and this case was docketed for on-briefs adjudication by this court, the Petitioner has submitted a "Notice of Supplemental Authority." *See* Tenn. R. App. P. 27(d). In this filing, the Petitioner cites to the recent United States Supreme Court case of *Ellingburg v. United States*, No. 24-482, 607 U.S. ---, --- S.Ct. ---, 2026 WL 135982, at *1 (Jan. 20, 2026) (holding that restitution under the Mandatory Victim's Restitution Act is criminal punishment for purposes of the *Ex Post Facto* Clause), and argues that it directly supports his *ex post facto* challenge to SORA's community supervision for life requirement. He claims that "[t]his authority directly supports Issue IV of [his] brief," relating to an *ex post facto* violation. First, there is no Issue IV in ether the Petitioner's principal brief or his reply brief. Moreover, as discussed, the Petitioner's argument on appeal is confined to the appropriate supervising agency and whether he was materially misadvised during his guilty plea. This opinion adds little, if anything, to the arguments raised on appeal.

consider any supplement to the Petitioner's amended petition for post-conviction relief filed thereafter.

Because the Petitioner failed to properly present the details of this specific claim in the post-conviction court, we agree with the State that the issue is waived. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. Howard*, 504 S.W.3d 260, 277 (Tenn. 2016) ("It is well-settled that a defendant may not advocate a different or novel position on appeal."); *State v. Johnson*, No. M2023-01477-CCA-R3-CD, 2024 WL 2795847, at * 2 (Tenn. Crim. App. May 31, 2024) ("Because the petitioner failed to raise the claims at the trial level [in his motion to correct an illegal sentence], the issues are waived."), *perm. app. denied* (Tenn. Dec. 10, 2024); *Howze v. State*, No. W2018-02046-CCA-R3-PC, 2019 WL 5168652, at *6 (Tenn. Crim. App. Oct. 14, 2019) (determining waiver when the petitioner did not raise either of his specific ineffective assistance of counsel claims in the post-conviction court, but rather for the first time on appeal). To hold otherwise would require a trial court to address every possible punitive aspect of Tennessee's sex offender registry, including the appropriate supervising agency, when a pro se litigant files post-conviction pleadings challenging a guilty plea, which would lead to unworkable results.

And lastly, we note that plain error review is not available in post-conviction proceedings. *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020).

## III.   CONCLUSION

Given the Petitioner's waiver of his only appellate issue, the judgment of the post-conviction court is affirmed.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE